SAMUEL W. HAYES, CHIEF JUSTICE.
MATTHEW J. KANE, VICE CHIEF JUSTICE.
R. L. WILLIAMS,
JESSE J. DUNN, } JUSTICES.
JOHN B. TURNER,

---

### CORNELISON v. BLACKWELDER.

No. 2574. Opinion Filed April 15, 1913.

(131 Pac. 701.)

**APPEAL AND ERROR — Finding of Fact — Residence.** The intention of a person as to the place of his residence is a question of fact, to be determined by the verdict of the jury or the findings of the court; and such determination is conclusive upon appeal if there was any evidence reasonably tending to support it.

(Syllabus by the Court.)

*Error from District Court, Tillman County;*
*Frank Mathews, Judge.*

Action by Browne Cornelison against J. W. Blackwelder. Judgment for defendant, and plaintiff brings error. Affirmed.

Vol. 38—1.

W. F. *Wilson* and *John Tomerlin,* for plaintiff in error.
*Mounts & Davis,* for defendant in error.

KANE, J.  This controversy grows out of an action for damages for breach of contract commenced by the plaintiff in error, plaintiff below, against the defendant in error, defendant below, wherein upon the commencement of the action an attachment was issued against the property of the defendant upon the ground that he was a nonresident of this state. Upon a motion to dissolve the attachment being filed, the court below, after a hearing, sustained the same, finding from the evidence that the defendant was a resident of the state of Oklahoma at the time the attachment was issued. To reverse the action of the court below this proceeding in error was commenced.

In our judgment the evidence reasonably tends to support the finding of the court below on the question of the residence of the defendant. It is well settled that it is exclusively within the province of every citizen to determine where his residence shall be, and that such determination is binding upon all parties. *Hairston v. Hairston,* 27 Miss. 704, 61 Am. Dec. 530; *Bradley v. Lowery,* Speers' Equity (S. C.) 1, 39 Am. Dec. 142; *Lyman v. Fiske,* 17 Pick. (Mass.) 231, 28 Am. Dec. 293; *White v. Tennant,* 31 W. Va. 790, 8 S. E. 596, 13 Am. St. Rep. 896. The evidence of the defendant was to the effect that he resided in North Carolina prior to coming to Oklahoma, leaving his family at his former home; that he came to Oklahoma in April, 1910, for the purpose of building a knitting mill which it was his intention to have his son manage and operate; that on account of sickness in the family of his son this plan was abandoned, and the defendant decided to manage the business, and make Oklahoma his home. The following are some of the questions and answers on cross-examination:

"Q. When you went home with your son's wife, I will ask you to state if you had then already decided to come back

to Oklahoma and make this your home? A. Yes, sir. Q. Was it not the first arrangement for your son to run the mill? A. Yes, sir. Q. But after his wife got sick, was it not your intention to come back, and let him go to North Carolina, and you were going to run the mill? (Objected to by counsel and by the court sustained.) Q. I will ask you how long before you went was it that you determined you were to live in Oklahoma and make it your permanent home? A. I think about the 15th day of January, 1911. Q. How long had you been living in Oklahoma at that time? A. Nine or ten months. Q. Your son and you had been living here together? A. Yes, sir. Q. I believe you stated your son boarded here? A. Yes, sir. Q. They live here? A. Yes, sir. Q. I will ask you if, during this time, you made this your home? A. Yes, sir. Q. I will ask you, upon January 15, 1911, if you made Oklahoma your home? A. Yes, sir. Q. I believe you stated that your object in going home was in settling up some unfinished business? A. Yes, sir. Q. Outside of the question that you had to take your son's wife back, would you have gone, anyway? A. If it had not been for some unfinished business, and taking my son's wife back, I would not have gone. My son and I concluded that he should go back to North Carolina, I stay here and run the mill."

The intention of a person as to the place of his residence is a question of fact, to be determined by the verdict of the jury or the findings of the court, and such determination is conclusive upon appeal if there was any evidence reasonably tending to support it. *Cochrane v. City of Boston,* 4 Allen (Mass.) 177; *Collester v. Hailey,* 6 Gray (Mass.) 517. In *Lyman v. Fiske, supra,* Mr. Chief Justice Shaw, speaking of the elements of residence, says:

"It is manifest, therefore, that it embraces the fact of residence at a place with the intent to regard it and make it his home. The act and intent must concur, and the intent may be inferred from declarations and conduct. It is often a question of great difficulty, depending upon minute and complicated circumstances, leaving the question in so much doubt that a slight circumstance may turn the balance. In such a case, the mere declarations of a party, made in good faith of

his election to make the one place rather than the other his home would be sufficient to turn the scale."

Finding no error in the record, the judgment of the court below is affirmed.

All the Justices concur.