FRANKLIN *et al.* v. WRIGHT, *Sheriff, et al.*

No. 3264. Opinion Filed April 17, 1914.

(140 Pac. 403.)

**APPEAL AND ERROR**—Judgment—Evidence. The judgment of a trial court, based upon conflicting testimony as to an issue of fact and reasonably supported by the evidence, will have the same force and effect with this court as the verdict of a jury in such cases.

(Syllabus by Harrison, C.)

*Error from District Court, Jefferson County;*
*Frank M. Bailey, Judge.*

Action by Moody Franklin and another against John Wright, Sheriff, and others, for an injunction. Judgment for defendants, and plaintiffs bring error. Affirmed.

*Bridges & Vertrees,* for plaintiffs in error.

*H. A. Ledbetter,* for defendants in error.

Opinion by HARRISON, C. This was an action to enjoin an execution issued out of the district court. The material facts which gave rise to the suit are substantially as follows: Two actions were pending in the district court. The same firm of attorneys appeared for plaintiffs in both actions, and the same firm appeared for defendants in both actions. One of the cases was called for trial, and judgment rendered, and steps taken to perfect an appeal from such judgment to the Supreme Court. It was thereupon agreed between the two firms of attorneys that the same question of law involved in the case in which judgment was rendered would be involved in the other

case, and that the final judgment in the case appealed to the Supreme Court, on such question of law, should be the judgment in the other case. The misunderstanding in the matter arose as to whether the case which had not been tried should be continued until the appealed case had been passed on by the Supreme Court, or whether judgment should be rendered in both cases and the final decision of the Supreme Court be the judgment in the case not appealed. Whatever the agreement may have been, the attorneys for plaintiffs took judgment and prepared journal entries in both cases, which were thereafter signed by the court. The attorneys for the defendants, claiming to have acted upon their understanding of the agreement that the untried case should be continued until the appealed case was finally determined by the Supreme Court, took no steps to perfect an appeal from the judgment in such case. On the other hand, the attorneys for the plaintiffs in both cases, claiming to have acted upon their understanding of the agreement that the untried case should not be continued, but that the judgment should be rendered and be the same in both cases, prepared journal entries in each case, which were signed by the judge and spread upon the journals of the court. Thereafter, no steps having been taken to appeal from the judgment in the untried case, the attorneys for the plaintiffs procured the issuance of an execution against defendants in such case. Whereupon attorneys for defendants in the untried case procured a temporary restraining order, against enforcement of the execution, upon the grounds that the agreement between the attorneys in the two cases had been that the untried case should be continued until final determination of the appealed case by the Supreme Court, and that attorneys for plaintiffs, in violation of such agreement, had had judgment rendered in the untried case and journal entry of such judgment placed of record, and in the course of time, in further violation of such agreement, had procured the issuance of an execution, and from the judgment of the trial court, dissolving the temporary restraining order, defendants in the untried case appeal to this court, upon the proposition that the court erred in dissolving the temporary injunction.

The issue presented to the trial court was simply an issue of fact as to whether the agreement between the respective firms of attorneys was as claimed by attorneys for plaintiffs in error or was as claimed by the attorneys for defendants in error. There was a decided conflict in the testimony of the attorneys and other witnesses as to what the agreement was. Affidavits were submitted and witnesses introduced. The court heard and weighed the testimony of the respective parties, and upon such testimony rendered judgment dissolving the temporary injunction, upon the theory that the agreement between the firms of attorneys was that claimed by the attorneys for plaintiffs in both cases, to wit, that the judgment should be rendered in both cases and the judgment in the case that was not tried should be the same as in the case that was tried and appealed.

We have no means of ascertaining whether the court erred in weighing the testimony of the respective parties, and therefore refrain from saying whether or not we would have weighed it differently; but it is a settled rule, repeatedly announced by this court, that the judgment of a trial court, based upon conflicting testimony as to an issue of fact and reasonably supported by the evidence, will have the same force and effect with this court as the verdict of a jury in such cases. See *Cook v. Bullette,* 32 Okla. 766, 124 Pac. 59; *Kirby v. Hardin, ante,* 134 Pac. 854; *Semple v. Baken,* 39 Okla. 563, 135 Pac. 1141; *Thigpen v. Risby,* 39 Okla. 598, 136 Pac. 418; *Wat-tah-noh-zhe v. Moore,* 36 Okla. 631, 129 Pac. 877; *Cornelison v. Blackwelder,* 38 Okla. 1, 131 Pac. 701.

Hence, under this rule and for the reasons above stated, the judgment should be affirmed.

By the Court: It is so ordeerd.