## BURKE v. BURKE.

No. 17165—Opinion Filed Sept. 14, 1926.

Rehearing Denied Oct. 26, 1926.

### 1. Divorce—Appeal — Conclusiveness of Findings.

In a divorce action, where the finding and decree of the court upon the only issue of fact involved are not clearly against the weight of the evidence, such finding and decree are conclusive in this court.

### 2. Appeal and Error—Domicile—Intention as to Residence a Question of Fact.

The intention of a person as to the place of his residence or domicile is a question of fact to be determined by the verdict of the jury or the findings of a court; and such determination is conclusive upon appeal to this court unless clearly against the weight of the evidence.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Oklahoma County; Lucian Babcock, Judge.

Action by J. M. Burke against Ethel L. Burke for a divorce. From a judgment and decree in favor of the plaintiff, defendant brings error. Affirmed.

Kathryn Van Leuven, for plaintiff in error.

Snyder, Owen & Lybrand and D. B. Welty, for defendant in error.

Opinion by PINKHAM, C. The defendant in error, plaintiff in the trial court, was granted a decree of divorce from the plaintiff in error in the district court of Oklahoma county on the 19th day of September, 1925, on the ground of adultery. From an order overruling the plaintiff in error's motion for a new trial, and from the judgment and decree of the court, the plaintiff in error has duly appealed to this court by petition in error and case-made attached. The parties will be referred to as they appeared in the trial court.

For reversal of the judgment two propositions are presented: First, that the record is devoid of any evidence upon which to base a judgment in divorce upon the ground alleged and upon which the decree was granted; second, that the court was without jurisdiction of the cause of action for the reason that the plaintiff was not a resident in good faith of this state for one year immediately next preceding the filing of his petition.

The plaintiff alleged in his petition that defendant has committed acts of adultery with a person or persons who are to the plaintiff unknown, and entirely without the knowledge or connivance or condoning of the plaintiff, being pregnant at the date of filing of this petition as a result of said adultery.

Defendant in her answer and cross-petition alleges certain acts of cruelty com-

mitted by the plaintiff, and further alleges abandonment and desertion by the plaintiff, and that "the acts of the plaintiff greatly impaired the mind of this petitioner and that she is wholly irresponsible for her acts, and had the plaintiff discharged his duties and obligations as a husband, that your petitioner would have continually discharged her duties, and if your petitioner has done any act by which said plaintiff may complain, said defendant is responsible."

The record discloses that the plaintiff filed a suit for divorce against the defendant about a year prior to the present action on the ground of gross neglect of duty, which was denied.

The plaintiff, who was a civil engineer, followed his profession or business in a number of different states, and was absent from this state for more than a year when he instituted the present action while he was temporarily living in the state of California, where he was at the time employed. He resided in California, however, only a short time.

The defendant admitted on the trial of a branch of the former case, that her youngest child was then five or six weeks old, was not the child of the plaintiff, and that she knew who its father was, but that the child was not the plaintiff's child. The defendant then stated that the birth of the child in question was the result of a criminal assault made upon her. The circumstances with relation to this criminal assault were fully brought out in considerable detail by the various witnesses.

We have carefully examined all of the evidence disclosed by the record before us, and we deem it unnecessary to discuss the same. The testimony of all the witnesses and all the facts and circumstances were before the trial court, and that court found from the evidence that the defendant has been guilty of the act charged in the petition.

The evidence on behalf of the plaintiff, coupled with the testimony of the defendant, clearly supports the judgment and decree appealed from. We are clearly of the opinion that the findings of the court are sustained by the evidence, and that the judgment and decree granting the plaintiff an absolute divorce is not against the clear weight of the evidence.

Under the second proposition, to the effect that the record fails to show that the plaintiff was a resident of Oklahoma at the time this suit was filed, we think it sufficient to say that it clearly appears that plaintiff and defendant had, for many years, been residents of the state of Oklahoma prior to the year 1924, and since their marriage in 1915, and it nowhere appears that the plaintiff had established a residence in the state of California. As before stated, the plaintiff's business called him into various states where he was temporarily engaged in the line of his work. There was no testimony of any word or act of the plaintiff that in any manner indicated an intention of establishing a residence or domicile in California, or elsewhere outside of the state of Oklahoma, where his children, it appears, lived with his parents during his absence and with whom he communicated from time to time. The question of plaintiff's residence was one of fact.

"The intention of a person as to the place of his residence is a question of fact, to be determined by the verdict of the jury or the findings of the court. Such determination is conclusive upon appeal unless clearly against the weight of the evidence." Strathmann et al. v. Kinkelaar, 105 Okla. 290, 233 Pac. 215.

A change of residence does not consist alone in going to and living in another place, but it must be with the intention of making that place the permanent residence. A residence once acquired continues until a new one is acquired. Duxstad v. Duxstad (Wyo.) 100 Pac. 112.

In the case of Mitchell v. United States, 21 Wall. 350, the court said:

"A domicile once acquired is presumed to continue until it is shown to have been changed. Where a change of domicile is alleged the burden of proving it rests upon the person making the allegation. To constitute a new domicile two things are indispensable: First, residence in the new locality; and, second, the intention to remain there. The change cannot be made except facto et animo. Both are alike necessary. Either without the other is insufficient. Mere absence from a fixed home, however long continued, cannot work the change. There must be the animus to change the prior domicile for another. Until the new one is acquired, the old one remains. These principles are axiomatic in the law upon the subject. * * * To be established it must be proved. Among the circumstances usually relied upon to establish the animus manendi are: Declarations of the party; the exercise of political rights; the payment of personal taxes; a house of residence, and a place of business.

All these indicia are wanting in the case of the claimant."

The above language is peculiarly applicable to the facts with reference to the residence of the plaintiff in the instant case.

The trial court found from the evidence that the plaintiff was an actual resident in good faith of Oklahoma county, Okla., at the time, for more than one year next preceding the filing of the petition in this cause.

Upon the whole case we conclude that the judgment of the trial court is not against the clear weight of the evidence.

We think the judgment and decree should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 19 C. J. p. 193, §478. (2) 4 C. J. p. 855, §2834; p. 880, §2853; 19 C. J. p. 442, §77.