SMEDLEY v. SMEDLEY.

No. 32972. March 23, 1948.

*191 P. 2d 588.*

W. N. Redwine and A. C. Sewell, both of McAlester, for plaintiff in error.

J. E. Layden, of McAlester, for defendant in error.

ARNOLD, J. A motion was filed within term time by defendant, Youal Adell Smedley, to vacate a decree of divorce granted to plaintiff, Doris Geraldine Smedley, and order awarding custody of minor child to plaintiff. The motion was denied in part and sustained in part.

On May 20, 1946, plaintiff commenced her action against defendant in the district court of Pittsburg county seeking divorce and custody of the minor child of the parties. In her petition she alleged statutory residence within this state, marriage of the parties in 1941, birth of their child and the faithful discharge of her duties as wife of the defendant. As grounds for divorce she alleged physical and mental cruelty by defendant up to the time of their separation which she alleged was May 15, 1946, and detailed the acts constituting cruel treatment. Service upon defendant was obtained by publication, a copy of the notice with a copy of her petition were mailed to and received by defendant in due course. On receiving these, defendant employed an attorney in Los Angeles, California, where he was then living, to represent him. This attorney employed local attorneys in McAlester to appear in and defend the action. These local attorneys prepared an answer to plaintiff's petition and forwarded same to the Los Angeles attorney for approval and verification by defendant, same to be returned for filing in the case. It was never returned. On July 6, 1946, defendant was adjudged in default, and after hearing the testimony in support of plaintiff's allegations, a decree of divorce was entered and an order made awarding custody of the minor child to plaintiff. Thereafter, on August 5, 1946, defendant's motion to vacate, which is the basis of this appeal, was filed.

The parties will be herein referred to by their trial court designations.

For reversal defendant makes but one assignment of error, which reads:

"The court erred in denying defendant's motion to vacate judgment."

Defendant's principal argument in his brief under this assignment is that plaintiff was guilty of fraud on the court and on the defendant in obtaining her divorce. This is based upon the allegations of her petition showing residence within the state for a period of one year next before the filing of her petition. Defendant contends that this allegation is contradicted on the face of the record by the statement in her petition that they lived together until May 15, 1946, and the statement in her affidavit for service by publication that he "resides out of the State of Oklahoma, and a nonresident of this state . . . and that he has not had any residence therein since the time prior to the filing of this suit . . ." This for the reason that the domicile of a married woman living with her husband is that of the husband. Thus defendant seeks to impeach the judgment on the ground that the trial court was without jurisdiction originally by reason of the provision of 12 O.S. 1941 §1272, which requires one year's residence in the state as a condition precedent to commencing an action for divorce. Plaintiff alleged in her petition:

"That she is now and has been for one year next preceding the filing of

this petition an actual resident in good faith of the State of Oklahoma, and is now an actual resident in good faith of this county."

This allegation is not inconsistent with nor is it contradicted by the statements in her affidavit for service by publication above quoted.

This means no more than that defendant had no place of abode within this state where personal service of summons could be had upon him. Truthfulness of plaintiff's allegation of residence was not dependent on her ex parte showing for service by publication, but upon the testimony adduced upon the trial and which was considered by the court in determining that it had jurisdiction. In the court's findings it was stated:

" . . . having heard the oral testimony of witnesses, sworn and examined in open court, and being fully advised, and on consideration thereof, finds that all material facts alleged in plaintiff's petition are true; that plaintiff at time of filing petition was and had been an actual resident in good faith of this state for more than one year next preceding the filing of said petition and was at the time of filing the petition a resident of this county, and that the parties in this action had been married, as in the petition set forth."

The evidence upon which this finding was based is not shown in the record now before us and it must be presumed that it was sufficient to support the finding. No question is raised but that the residence of the parties was in this state for a number of years following their marriage in 1941. The correct rule applicable here is stated in the syllabus to Burke v. Burke, 119 Okla. 254, 249 P. 1110, as follows:

"The intention of a person as to the place of his residence or domicile is a question of fact to be determined by the verdict of the jury or the findings of a court; and such determination is conclusive upon appeal to this court unless clearly against the weight of the evidence."

Even granting, for the sake of argument, that plaintiff's allegation as to residence was untrue or knowingly false, she practiced no fraud on defendant because he received a copy of her petition in ample time to have made an issue fo fact on this question by filing answer, which he did not do. But defendant says he was prevented from doing so by the excusable negligence of his attorney which resulted in unavoidable casualty and misfortune preventing him from having a fair trial.

In support of his motion to vacate judgment defendant filed his own affidavit, which relates only to the question of residence and gives his version of the facts relating thereto, and the affidavit of his Los Angeles attorney, which relates solely to the claimed excusable inadvertence and oversight on his part in misplacing the pleading mailed to him by the McAlester attorney. This affidavit discloses that defendant visited this attorney's office May 31, 1946, with the publication notice and copy of plaintiff's petition; that he then employed this attorney to represent him; that a letter was written and sent air-mail to McAlester about the case. So far as is disclosed by these two affidavits defendant never again visited his attorney's office nor communicated with him by telephone in reference to the case until the 12th of July, 1946, or afterwards, although defendant knew that his answer day in the divorce suit was July 5, 1946.

Whatever may be said of the negligence of his attorney, it cannot excuse the negligence and lack of diligence on the part of defendant himself in relation to a matter which he now asserts to have been of such vital importance to him. He knew the approximate time required for mail communication between Los Angeles and McAlester, yet for nearly a month and a half he made no inquiry of his Los Angeles attorney as to the result of the letter written May 31st, and what should be done further in his behalf. This situation might well have been before

this court when it used the following language in the case of Anderson v. Graham, Adm'r, 87 Okla. 278, 210 P. 281:

"It appears to us that the better rule in this class of cases is that a party may be held excusable for relying upon the diligence of counsel when it clearly appears that the party himself has not been neglectful and has given all proper attention to the litigation."

Order and judgment affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, CORN, GIBSON, and LUTTRELL, JJ., concur. WELCH, J., dissents.

