**Averil GRAHAM, Plaintiff in Error,**

**v.**

**Sue Ann GRAHAM, Defendant in Error.**

**No. 37680.**

Supreme Court of Oklahoma.

July 8, 1958.

Rehearing Denied Sept. 30, 1958.

Application for Leave to File Second Petition for Rehearing Denied Oct. 28, 1958.

H. Tom Kight, Jr., Claremore, Looney, Watts, Looney & Nichols, Anna B. Otter, Oklahoma City, for plaintiff in error.

George L. Hill, McAlester, for defendant in error.

PER CURIAM.

This is an appeal from a judgment of the trial court sustaining defendant's motion to dismiss the petition for divorce for the reason that neither plaintiff nor defendant was a resident of the county in which the action was brought. For the purpose of this opinion we shall continue to refer to the parties by their trial court designation.

Plaintiff and defendant were married in August, 1941. During the succeeding years they have resided as man and wife in Broken Arrow, Tulsa County, Oklahoma. The parties have owned their home in Broken Arrow since 1942. The plaintiff is a registered voter in that city. Sometime prior to March 1955, defendant left the home and came to Oklahoma City where she remained. On March 28, 1955 plaintiff took his clothing from the Broken Arrow residence and registered in a hotel in Claremore, Rogers County, Oklahoma, 22 miles distant, and on March 30, 1955, filed this action for divorce. Plaintiff continued to keep regular office hours six days a week at the bank of which he is president, in Broken Arrow. He has watered the flowers at the Broken Arrow residence every two or three days; he has not disconnected any utilities or the telephone at that home; he has not moved from the home any of his personal things other than the clothing; he has spent "two or three" nights in that home; and, he is an active member of the Broken Arrow Chamber of Commerce, but does not belong to any civic organizations in Claremore. Plaintiff does own a small business interest in Claremore. He also testified that he intended to make Claremore his home when he moved there; that "as far as I know" it

was to be his permanent home but that he "hadn't made no plans." In letters written to defendant his intent was even less definitely expressed. In one letter, written subsequent to the date the action was filed, he stated:

"I have been staying in Claremore the past 10 days. * * * I'll likely continue to stay over there till I get settle down on our matter settled to whare we will be together. I just can't stay in Broken Arrow and at the home by muself. There is something missing, however, should Scottie (a minor son of plaintiff by a previous marriage) come down I'll try and stay with im."

In another letter written in an attempt to effect a reconciliation, plaintiff wrote that he would " * * * re-do your kitchen, new stove, all other new furniture you want, * * *." Furthermore, in his testimony he admitted that he would return to their Broken Arrow home "if she will go with me." Defendant testified that plaintiff told her he filed this action in Claremore "because of publicity."

■ The pertinent statute provides: "The plaintiff in an action for divorce must have been an actual resident, in good faith, of the State, for one year next preceding the filing of the petition, and a resident of the county in which the action is brought at the time the petition is filed." 12 O.S.1951 § 1272.

Thus it is essential that plaintiff have been a resident of Rogers County on the date the action was commenced. Without doubt, plaintiff was a resident of Tulsa County until March 28, 1955. Yet plaintiff correctly notes that a person may effect a change in his residence, in the domiciliary sense, at any time if the two requisites noted in Burke v. Burke, 119 Okl. 254, 249 P. 1110, 1112, exist. They are: "First, residence in the new locality; and second, the intention to remain there." However, either of these without the other is insufficient to create a new residence, and until

a new residence is acquired the former does not cease to exist. When presented, the question of a change in residence arising upon a physical move is determined upon the facts of each particular case using as indicia the habits of the person, his business and domestic relations, declarations, exercise of political rights, community activities, and other pertinent objective facts ordinarily arising out of the existence of the requisite intent. Cornelison v. Blackwelder, 38 Okl. 1, 131 P. 701; Burke v. Burke, supra. The question is one of fact upon which this court will not reverse the judgment of the trial court unless that judgment is against the clear weight of the evidence. Ashton v. Ashton, 197 Okl. 241, 169 P.2d 565.

■ In the instant case the facts related above are such that we cannot conclude that the court's judgment is against the clear weight of the evidence. Plaintiff's testimony concerning his intent is only part of the evidence and must be considered in connection with other equally persuasive evidence which exemplifies a contrary intent. Ashton v. Ashton, supra. The only evidence in this action to support plaintiff's position is his physical move, his testimony as to his state of mind at that time, and his business interest in Claremore. Everything else more nearly comports with the contrary conclusion adopted by the trial court.

Judgment is affirmed.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by the Commissioner, the cause was assigned to a Justice of this Court. Therefore, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

CORN, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD and JACKSON, JJ., concur.

WELCH, C. J., and HALLEY and CARLILE, JJ., dissent.