Elizabeth G. BIXBY, Plaintiff in Error,

v.

Tams BIXBY, III, Defendant in Error.

No. 39310.

Supreme Court of Oklahoma.

April 25, 1961.

Rehearing Denied May 23, 1961.

Spillers & Spillers, Jack R. Givens, Tulsa, for plaintiff in error.

Rucker, Tabor, Best, Sharp & Shepherd, O. H. "Pat" O'Neal, Tulsa, for defendant in error.

IRWIN, Justice.

In this action, plaintiff in error, Elizabeth G. Bixby, hereafter referred to as "plaintiff", seeks a divorce from defendant in error, Tams Bixby, III, hereafter refer-

red to as "defendant", on the grounds of gross neglect of duty.

The summons issued in this case was personally served on defendant in Muskogee County, Oklahoma. Following service of said summons, defendant filed a motion denominated "Motion To Quash And Plea To The Jurisdiction" wherein he alleged that the summons should be quashed for the reason that the trial court had "neither venue nor jurisdiction over" the defendant. The referred-to motion was in fact predicated upon the proposition that as of date of filing the instant action, plaintiff was not a resident of Tulsa County, Oklahoma, within the purview of Title 12 O.S.1951 § 1272, as amended in 1957. The first paragraph of the cited statute reads as follows:

"The plaintiff in an action for divorce must have been an actual resident, in good faith, of the State, for six (6) months next preceding the filing of the petition, and a resident of the county in which the action is brought at the time the petition is filed."

Following a hearing on the referred-to motion, the trial court made findings of fact to the general effect that plaintiff was not a resident of Tulsa County as of date of filing this action; that said court was therefore without jurisdiction herein and plaintiff's action was dismissed. Judgment to said effect was subsequently entered.

From order of the trial court denying plaintiff's motion for new trial directed to the referred-to judgment, plaintiff perfected this appeal.

The sole issue presented by this appeal is whether plaintiff was in fact a resident of Tulsa County as of date this action was instituted. The facts bearing upon said issue are these:

Plaintiff and defendant were married in 1946. From date of marriage to July 20, 1960, plaintiff and defendant resided in Muskogee, Oklahoma. In the last hours of said date, plaintiff packed some of her personal effects in a suit case and left her home in Muskogee for Tulsa. She made

the trip in an automobile that defendant asserts was in fact a "company automobile" but which plaintiff asserts had been made available for her use irrespective of actual ownership. Plaintiff registered on an indefinite basis as a guest of the Mayo Hotel in Tulsa at approximately 2:30 a. m. on July 21, 1960. In registering she gave her address as that of the home which she had occupied with her husband and son, and upon cashing checks at the hotel shortly after she registered there, she gave the same address. The son was then 11 years old. In the afternoon of July 21, 1960, plaintiff employed counsel, who represents her here, to institute the instant action in the trial court. The petition filed herein was filed July 22, 1960, at 8:55 a. m. Plaintiff owned numerous dresses, pairs of shoes and other articles of clothing. She only took a small portion of her clothing the night she left the Bixby home. She subsequently made several trips to Muskogee for the purpose of obtaining a portion of her personal effects.

Plaintiff testified that she decided to make her residence in Tulsa the morning of July 21 as she was driving from Muskogee to Tulsa; that she had worked in Tulsa during the war and had friends there; that Tulsa was close to the cities in which members of her family lived; that she only intended to reside at the Mayo Hotel until she could locate suitable living quarters for herself and son who was then in a boys' camp; that she unsuccessfully sought defendant's permission to remove some of their household effects so that she could furnish an apartment in Tulsa for herself and son; that she planned to and made arrangements to enroll her son in school for the 1960 Fall school term; that after the action was filed she found suitable living quarters in Tulsa and had resided in Tulsa since July 21; that she transferred her church membership and that of her son from a Muskogee church to a Tulsa church; that she opened a bank account in a Tulsa bank; that from and after July 21 she intended to make her home in Tulsa.

After this action was instituted, defendant filed an action for divorce in the District Court of Muskogee County, which action is now pending. By order of said Court, defendant was granted temporary custody of the son of the parties.

Plaintiff contends that the findings of the trial court are clearly against the weight of the evidence; that the evidence clearly shows that plaintiff was an actual resident in good faith of Tulsa County as of date this action was filed and that she had met the statutory requirements of Section 1272, supra, at the time of filing her action.

■ The first paragraph of Sec. 1272, supra, was adopted from Kansas. Prior to adoption of the statute, the Supreme Court of Kansas had this to say in Carpenter v. Carpenter, 30 Kan. 712, 2 P. 122, 126:

> "The words 'resident' and 'actual resident,' as used in the divorce statutes, we think contemplate a residence and actual residence with substantially the same attributes as are intended when the word 'domicile' is used. And we do not think that it makes any difference that the word 'residence' sometimes, or in some other statute, may mean something else. It may be that, for the purpose of serving a summons the words 'usual place of residence' should be held to mean the place where the defendant is in fact residing for the time being; though, contra, see Love v. Cherry, 24 Iowa, 204. But we do not think that the words 'resident' or 'actual resident,' as used in the divorce statutes, can have in contemplation any such kind of residence. In the divorce statutes, we think these words have in contemplation a residence of a more permanent and fixed character. * * *"

Defendant contends that in determining whether plaintiff was a resident of Tulsa County as of date of filing this action, only the actions and conduct of plaintiff, prior to filing this action, which relates to her intentions to become a resident of Tulsa

County, may be considered. We can not sustain this contention. In 28 C.J.S. Domicile § 17 d, p. 40, this is said:

"A person's intention as to his domicile may be shown by his acts and conduct, *after*, as well as before, the date in question, or by his omissions. * * " (Emphasis ours.)

At p. 215, Sec. 26, 17A Am.Jur. "Domicil", the author says that "A person does not acquire a new domicile by merely going to another place with the intention of making it his domicile. He must go there not only with that intention, but also with the intention of residing there for a more or less definite time and of making it his home * * * ". This is referred to as "animus".

■■ We believe that the actions and conduct of a person after arriving at a given place which is asserted to be his new residence or domicile, have a direct bearing upon whether he in fact intended to change his domicile and make such place his new and permanent domicile. In Youngblood v. Rector et al., 126 Okl. 210, 259 P. 579, this was said in the second paragraph of the syllabus:

"To effect a change of domicile, there must be an actual abandonment of the first domicile, coupled with an intention not to return to it, and there must be a new domicile acquired by actual residence in another place with intention of making it a permanent home."

See also Burke v. Burke, 119 Okl. 254, 249 P. 1110, where the rule announced in the above quoted syllabus was applied in determining the domicile of a person who sought a divorce.

In 17 Am.Jur. "Divorce and Separation", Sec. 281, p. 457, it is stated that "It is very generally held that the words 'residence' and 'reside' involve the idea of a domicil, importing an actual permanent dwelling or abode."

■ It is settled law in this jurisdiction that in determining the question of domicile of a person seeking a divorce, the controlling fact is the intention of said party in said respect. In the fourth paragraph of the syllabus to Pope v. Pope, 116 Okl. 188, 243 P. 962, 963, this was said:

"The question of domicile in an action for divorce is one of fact, to be determined from the evidence in the case. The controlling fact to be considered is the fact of intention and to determine this fact the trial court, and this court on appeal, may take into consideration all the movements, transactions, and attending circumstances of the party or parties involved in the question."

See also Greer v. Greer, 194 Okl. 181, 148 P.2d 156.

■ Length of residence is not a factor where the act and the intent to acquire a domicile concur. 17A Am.Jur. "Domicil", Sec. 23, p. 214.

■ As a general rule the domicile of a married woman is that of her husband. See Pope v. Pope, supra. However, the Pope case is not controlling in the case at bar, for in that case the question was not whether the wife had established a domicile separate and apart from her husband, but where was the domicile of the husband.

There are exceptions to the general rule above quoted as it is generally recognized that under certain circumstances a wife may acquire a domicile other than that of her husband. Oklahoma specifically recognizes this in divorce proceedings. Title 12 O.S.1951 § 1286, provides, "A wife who resides in this State at the time of applying for a divorce, shall be deemed a resident of this State, though her husband resides elsewhere." It is evident that in a divorce proceeding, a wife's residence is not necessarily that of her husband.

■ Title 12 O.S.1951 § 1272, as amended in 1957, provides, "The plaintiff in an action for divorce must have been an actual resident * * * of the State * * * and a resident of the county in which the

action is brought at the time the petition is filed." Under this section, the residence of the husband is not controlling, but the residence of the plaintiff, whether plaintiff be the husband or the wife, determines where the action must be brought.

The trial court found in part as follows:

"* * * The evidence further reveals insofar as intention is concerned, that the witness stated that she intended to maintain her residence in Tulsa at the time of driving toward Tulsa from Muskogee; the evidence further reveals that she, insofar as intention was concerned, that she possibly would be required to commute back and forth from Muskogee insofar as the divorce in Tulsa, pending divorce in Tulsa County is concerned. * * *"

The testimony that the trial court refers to in the last portion of the above quoted matter is a portion of plaintiff's testimony to this effect:

"A. Yes, I told them (her attorneys) that—I didn't know what I was— I would be able to do, as far as the divorce was concerned; I didn't know whether I'd have to drive back and forth or what, but I told them that I did want to live here, and I did not want to have to go back and live over there."

The trial court apparently placed considerable emphasis on the above quoted answer and it appears that he was largely influenced by said answer in finding that defendant was not a resident of Tulsa County when the action was instituted.

As we construe the answer of the plaintiff, she stated that she didn't know what she was going to do or was able to do as far as the divorce was concerned but that she definitely did not want to live in Muskogee and wanted to live in Tulsa. It is apparent that she felt it might be necessary to go back to Muskogee to get or do certain things but that she was going to live in Tulsa and establish her residence there. In considering this language with all the evidence, we can only conclude that she intended to establish and did establish a permanent home and residence in Tulsa County and had no intention of ever returning to Muskogee.

We are of the opinion that the evidence in this case clearly shows that plaintiff went to Tulsa during the early morning hours of July 21st with the intention of making said City her permanent home for all purposes and that consistent with said intention she established a permanent home in said City. We are, therefore, of the opinion that the findings and judgment thereon of the trial court to the effect that plaintiff was not a resident of Tulsa County as of date of filing this action are clearly against the weight of the evidence, and for said reason said judgment is reversed.

In finding and holding as we have, we have not overlooked Graham v. Graham, Okl., 330 P.2d 1046, and Ashton v. Ashton, 197 Okl. 241, 169 P.2d 565, which cases are cited by defendant as controlling the instant case. The facts of each of said cases readily serve to distinguish same from the instant case.

Reversed with directions to the trial court to vacate its order dismissing plaintiff's petition, reinstate the cause of action and take such further action as may be necessary.

WILLIAMS, C. J., and WELCH, DAVISON, HALLEY and JACKSON, JJ., concur.

BERRY, J., concurs in results.

BLACKBIRD, V. C. J., and JOHNSON, J., dissent.

Rehearing denied; BLACKBIRD, V. C. J., dissenting.