Deborah PINGLETON, Appellee,

v.

Jimmy D. PINGLETON, Appellant.

No. 47016.

Court of Appeals of Oklahoma.
Division No. 1.

Nov. 26, 1974.

Released for Publication by Order of the Court of Appeals Dec. 19, 1974.

Gotcher & Gotcher by James E. Gotcher, McAlester, and Stipe, Gossett, Stipe & Harper by Richard L. Gossett, McAlester, for appellee.

Lyn E. Ables, Tishomingo, for appellant.

BOX, Presiding Judge:

An appeal by Jimmy Pingleton, defendant below, from the decision of the trial court granting a divorce. The decree is challenged on the grounds that venue was not proper in the trial court and that it did not have jurisdiction.

The parties to this action were married in the State of Texas on January 26, 1970. Thereafter the parties moved from place to place as the defendant was a construction worker and had to follow the construction projects at which he was employed in the States of Oklahoma and Texas. It appears that in 1971 the couple moved to McAlester and resided there for some period. For a time they shared an apartment with the plaintiff's father and then moved into a trailer house. When it again became necessary for them to travel they left the defendant's mother's address as a permanent mailing address because their stay in any one place depended on how long the particular job was to last. The defendant's mother lives in McAlester, as does the mother of the plaintiff. The parties separated in February of 1973 right after they

arrived in Willis, Oklahoma in Marshall County. On May 28, 1973 the defendant brought the plaintiff to McAlester. She went to her mother's house and he went to his mother's. The very next day he was served with summons in this case.

The defendant appeared specially, presenting a Motion to Quash Summons and Pleas to Venue and Jurisdiction. It is from an overruling of these pleadings and the rendition of judgment against the defendant that appeal is brought.

Objection is made to venue being in Pittsburg County in that the defendant claims that the plaintiff has not been a resident of the county for 30 days immediately preceding the filing of the petition as required by 12 O.S.1971, § 1272.1(a). The statutes relevant to jurisdiction and venue in divorce actions read as follows:

12 O.S.1971, § 1272:

"Either the plaintiff or the defendant in an action for divorce must have been an actual resident, in good faith, of the State, for six months next preceding the filing of the petition."

12 O.S.1971, § 1272.1:

"The venue of actions for divorce, annulment of marriages, and separate maintenance may be in the following counties:

"(a) An action for divorce or annulment of a marriage may be brought in the county in which the plaintiff has been a resident for the thirty (30) days immediately preceding the filing of the petition or in the county in which the defendant is a resident."

The question to be decided here is what is meant by the words "resident for the thirty (30) days immediately preceding the filing of the petition." More precisely, whether the plaintiff in this case was a resident of Pittsburg County for thirty days immediately preceding the filing of this action.

In the case of Bixby v. Bixby, 361 P.2d 1075, the Supreme Court of Oklahoma has defined the phrase "actual resident" and the word "resident" in Syllabus 1:

"The phrase 'actual resident' and the word 'resident' as used in Title 12 O.S. 1951, § 1272, as amended, contemplate an actual residence with substantially the same attributes as are intended when the word 'domicile' is used."

In *Bixby* the plaintiff moved from Muskogee, Oklahoma, where she had been living with her husband, to Tulsa, Oklahoma. The next day she filed for divorce. In ruling that venue was proper in Tulsa County the Supreme Court made the above definition. The Court found that upon her moving to Tulsa, her intention to make Tulsa her home coincided with her physical presence in the county, and Tulsa County became her domicile of choice. Her later actions were also viewed as establishing her bona fide intention to make Tulsa her home.

At the time *Bixby* was decided, 12 O.S. 1971, § 1272.1 had not been enacted. Venue was provided for by 12 O.S.1951, § 138, which provided:

"An action for divorce or annulment of marriage may be brought in the county of which the plaintiff is an actual resident at the time of filing the petition."

It seems that under 12 O.S.1971, § 1272.1 the result in *Bixby* would be different because the plaintiff would not have been domiciled in Tulsa County for 30 days immediately preceding the filing of the petition. This is because she had been domiciled in Muskogee and the Court found that she established a *new* domicile of choice upon moving to Tulsa.

In the present case, however, the facts warrant a finding that the plaintiff and defendant established their domicile in Pittsburg County when they had lived there and that they had not established a new domicile elsewhere since that time. Not having established a new domicile they retained their domicile in Pittsburg County. The movement of the parties on May 28, 1973 to McAlester was simply a physical return to their existing domicile.

The requisites to effect a change in domicile are set out by the Supreme Court in *Bixby* in Syllabus 3:

"To effect a change of domicile, there must be an actual abandonment of the first domicile, coupled with an intention not to return to it, and there must be a new domicile acquired by actual residence in another place with intention of making it a permanent home."

There is no evidence that the parties ever intended to abandon Pittsburg County as their domicile. There is no evidence that they intended to make their permanent home in any of the places they lived after they left McAlester. In fact, the opposite is shown. The fact that they received their mail in McAlester shows that it may have been viewed as a "home base" for this traveling couple. The fact that both parties testified that they only intended to stay in each place where they lived only so long as the job would last shows a definite lack of intention to establish a permanent home elsewhere than McAlester.

Professor Weintraub in his Commentary on the Conflict of Laws stated at pages 12 and 13:

"A person retains his domicile until he meets the physical presence and intention requirements for establishing a different domicile of choice. A person, then, has only one domicile at a time . . . ."

Earlier at page 8 of this work he explained a person's domicile as "the place with which he is most closely associated— his 'home' with all the connotations of that word."

We hold that under 12 O.S.1971, § 1272.1 this plaintiff may bring an action for divorce in the county in which she has been domiciled for 30 days immediately preceding the filing of the petition. We find that under the facts of this case it was proper to find that this plaintiff had continued her domicile in Pittsburg County, thereby fulfilling the 30 day requirement. We find that the trial court did not commit error in finding that it had jurisdiction over this case under the statutes. We therefore affirm.

Affirmed.

ROMANG and REYNOLDS, JJ., concur.