Dear Senate Taylor
¶ 0 This office has received your letter asking for an official Opinion addressing the following question:
Is it legal for a voter to use a post office box number as aplace of residence for purposes of voter registration?
¶ 1 Title 26 O.S. Supp. 1997, § 4-112[26-4-112] sets forth the requisite information which each Oklahoma voter registrant must provide:
 Voter's full name and date of birth, county and place of residence and mailing address; the name of the political party recognized by the laws of the State of Oklahoma with which the voter is affiliated; an oath of the voter's eligibility to become a registered voter; and such other information as may be deemed necessary by the Secretary to identify such voter and to ascertain his or her eligibility.
26 O.S. Supp. 1997, § 4-112[26-4-112] (emphasis added).
 ELIGIBILITY TIED TO RESIDENCE
¶ 2 To be eligible to vote in the State of Oklahoma, an individual must be over the age of eighteen, must be a bona fide resident of Oklahoma, and must not be a felon (during the term of sentence) or incapacitated person. Okla. Const. art. III, § 1;26 O.S. 1991, § 4-101[26-4-101]; 26 O.S. Supp. 1997, § 4-120.4[26-4-120.4]
(A). Individuals desiring to vote in elections conducted by any county election board must be registered. 26 O.S. 1991, §4-102[26-4-102].
 DETERMINATION OF RESIDENCE IS A FACTUAL INQUIRY OF INTENT
¶ 3 The term "residence" defies simple definition. The Oklahoma Supreme Court has noted on several occasions that "there can be no absolute criterion by which to determine where a person actually resides." Box v. State Election Board of Oklahoma,526 P.2d 936, 940 (Okla. 1974), citing Stevens v. Union GradedSchool District No. 2, 275 P. 1056, 1057 (Okla. 1929).
¶ 4 Despite such difficulty, the Oklahoma Supreme Court has managed to articulate a workable definition of "residence" over the years:
 The question of residence for voting purposes . . . involves a factual inquiry into the place where one is habitually present, and to which, when he departs, he intends to return.
Moore v. Hayes, 744 P.2d 934, 937 (Okla. 1987), citing Jonesv. Burkett, 346 P.2d 338, 341 (Okla. 1959).
¶ 5 Moore involved a city council race decided by three votes. Alleging numerous irregularities, the defeated candidate contested the participation of five individuals who voted despite recent relocations outside the voting district. In order to ascertain the "residence" of all five disputed voters, the Court indicated that it may examine a variety of factors including, but not limited to, one's place of present abode:
 One's place of present abode is only one of the factors which may be considered, but it cannot be regarded as conclusive. . . . Other factors which have been recognized as persuasive in determining intent are the holding of local office, the exercise of the right to vote in local elections, business and domestic relations, community activities, personal habits, and other objective facts ordinarily manifesting the existence of intent.
Id. at 937.
¶ 6 Intent to abandon one's former residence and to acquire another residence was foremost in the Court's scrutiny. Id. at 937. In Moore, the Court held that the evidence did not support the conclusion that the disputed voters intended to abandon their former residence and to acquire another.
¶ 7 An earlier Oklahoma Supreme Court suggested that residence be established by "actual presence . . . coupled with theintention to remain there permanently or for an indefinite period." Box v. State Election Board of Oklahoma, 526 P.2d 936,940 (Okla. 1974); quoting Jacobson v. Kill, 221 P. 21, 23
(Okla. 1923).
¶ 8 Oklahoma's Supreme Court has consistently concurred that a person's intent is to be determined by the trier of fact. Moorev. Hayes, 744 P.2d 934, 937 (Okla. 1987); see also Box v. StateElection Board of Oklahoma, 526 P.2d 936, 940 (Okla. 1974);Cornelison v. Blackwelder, 131 P. 701, 702 (Okla. 1913). Disputes concerning "residency" will typically be determined by the specific facts of the situation.
 POST OFFICE BOX NUMBER AND PLACE OF RESIDENCE DISTINGUISHED
¶ 9 The primary purpose behind ascertaining registrant's place of residence is precinct identification. Pursuant to 26 O.S.1991, § 3-115[26-3-115], voting precincts must be established by each county election board. Therefore, a registrant's residential address, or if residence is not identified by address, directions sufficient to locate said residence, is critical to accurate precinct identification.[1]
¶ 10 Courts ascertain legislative intent from the entire act in light of its general purpose and objective. TXO ProductionCorporation v. Oklahoma Corporation Commission, 829 P.2d 964,968-69 (Okla. 1992). The clear legislative intent of 26 O.S.Supp. 1997, § 4-112[26-4-112] is to provide election officials with the necessary personal data to effectuate the correct, impartial, and efficient administration of the Oklahoma election process. Requiring registrants to provide their residential addresses promotes accurate precinct identification.
¶ 11 Registrant's place of residence may be distinguished from registrant's mailing address. A post office box number may suffice as registrant's mailing address, but it cannot serve as registrant's place of residence. As set forth above, eligibility to vote in Oklahoma is tied to residence, and place of residence is generally regarded as the particular place in which the registrant is habitually located and intends to remain for an indefinite period. Courts scrutinize various factors, including the intent to abandon one's former residence and acquire another residence, when resolving voter residency disputes.
¶ 12 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Oklahoma voter registration forms require the registrant'sfull name, county and place of residence, mailing address,political affiliation, and oath confirming eligibility to be aregistered voter. 26 O.S. Supp. 1997, § 4-112[26-4-112].
 2. To be eligible to vote in the State of Oklahoma, anindividual must be over the age of eighteen, must be a bona fideresident of Oklahoma, and must not be a felon (during the term ofsentence) or incapacitated person. Okla. Const. art. III, § 1;26 O.S. 1991, § 4-101[26-4-101]; 26 O.S. Supp. 1997, § 4-120.4(A).
 3. Residence is where an individual is habitually present andintends to reside for an indefinite period. In the context of adispute concerning "residence," when voters absent themselvesfrom a district or precinct, the intent to abandon one's formerresidence and to acquire another residence is foremost in acourt's inquiry.
 4. For purposes of voter registration, a post office boxnumber may suffice as registrant's mailing address, but it cannotserve as registrant's place of residence. Rather, place ofresidence is the particular location in which the registrant ishabitually present and intends to remain for an indefiniteperiod, or the place where the registrant absents himself fromwithout the intent of abandoning that place and acquiring a newresidence.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JOHN A. MAISCH ASSISTANT ATTORNEY GENERAL
[1] Whether the location cited by applicant meets the requirement of "residence" is a question of fact.