## OSBORN v. PETERS

No. 4445.   Decided April 2, 1927.   (255 P. 435.)

*Bean & Hunt* and *Henry N. Hayes,* all of Richfield, for appellant.

*W. F. Knox,* of Beaver, and *G. R. Beebe,* of Junction, for respondent.

HANSEN, J.

This is an action in conversion, brought by plaintiff against defendant in the district court of Garfield county,

Utah. The complaint sets out three causes of action. The first charges defendant with unlawfully taking and carrying away one Jeffrey touring car belonging to plaintiff, and converting and disposing of the same to the use of defendant, to the damage of plaintiff in the sum of $500; the second cause of action charges defendant with unlawfully taking and carrying away 19 head of cattle belonging to plaintiff, and converting and disposing of said cattle to the use and benefit of defendant, to plaintiff's damage in the sum of $640; and the third cause of action charges defendant with unlawfully collecting from Arthur Alvey the sum of $295, which the said Alvey was owing to plaintiff, and that defendant converted said money to his own use and benefit, to plaintiff's damage in the sum of $295. Plaintiff prays judgment against defendant for the various sums wherein he alleges he was damaged, together with legal interest thereon from the alleged date of conversion and for costs. Defendant answered the complaint, and denied generally the allegations in each cause of action set out. Upon the issues thus joined, a trial was held to the court sitting without a jury, and at the conclusion of the trial the court found the issues in favor of plaintiff and against defendant, and entered judgment in favor of plaintiff and against defendant for the various amounts prayed for in the complaint. Defendant filed a motion for a new trial upon the various grounds stated in Comp. Laws Utah 1917, § 6978, except subdivision 2 thereof. The court denied the motion for new trial. Defendant prosecutes this appeal from the judgment, and assigns as errors each of the findings, the judgment, and the order overruling the motion for new trial, for the reason that there is no evidence upon which such findings can be based or such judgment entered.

The controversy in this action grew out of a land transaction had between the parties, whereby plaintiff agreed to purchase and defendant agreed to sell a farm consisting of 160 acres of land situated at Boulder, in the eastern part

of Garfield county, Utah. After the contract was entered into, plaintiff was unable to meet the payments provided for in the contract, and he repeatedly informed defendant that he (plaintiff) would be compelled to return to defendant the property purchased and lose the money that he had theretofore paid upon the purchase price. Defendant, however, urged upon plaintiff to go on with the deal and from time to time extended the time of making payment of part of the instalments provided for in the contract. Either in the latter part of December, 1922, or the early part of January, 1923, plaintiff and defendant met at Richfield, Sevier county, Utah, and there entered into negotiations with a view of enabling plaintiff to secure the 160 acres of land which he had agreed to purchase under the contract entered into in 1918. Both plaintiff and defendant testified at the trial that an amended agreement was entered into between them while at Richfield, and as to what money and property should be paid and delivered to defendant as and for a full and complete payment of the remainder owing upon the land purchased by plaintiff from defendant, but, as to whether or not the property involved in this action was included in the agreement, there is a direct conflict in the evidence. Upon this phase of the case plaintiff testified on direct examination as follows:

"Q. What did he (Peters) finally say he would do? A. He finally said that he would take my 80 acres of land for $2,000 and the grazing permit I had for $100 and take my note for $1,500 and give me the deed to the property."

On cross-examination, he testified as follows:

"Q. Was there anything said about selling your ranch? A. Yes; there was talk of it. Q. Well, tell what was said. A. He agreed to take Bob Hall for the ranch and credit me and take the permit to graze 100 head of cattle on the range. The permit was to go at $100 and the note for $1,500, and give up the deed to Peter's ranch. Q. I will ask you if it is not a fact that you then and there said to Mr. Peters that, if he would take the ranch of yours at $2,000 and take the permit to graze 100 head of cattle for $100, which permit was supposed

to graze 100 head of cattle at $1 a head, is that right? A. Yes, sir. Q. And if he would take your Jeffrey car for $500 and the $300 that Alvey owed you that you would turn that out to him and the $1,500 note in payment of this obligation? A. No, sir; I did not. Q. There was nothing of that kind said? A. Nothing of that kind said."

There is other testimony of plaintiff to the same effect, and, while plaintiff admits that the automobile, the cattle and the money owing plaintiff by Alvey were talked over by him and defendant, all of the testimony of plaintiff is positive and direct that he did not agree to turn over the automobile, cattle, or claim against Alvey upon the land contract. Defendant, on the other hand, testified that plaintiff agreed to turn over the automobile, the cattle, and the claim against Alvey upon the land contract. There is other evidence in the record tending to support both the contention of plaintiff and that of defendant. The evidence further shows without conflict that defendant, soon after the negotiations were had at Richfield, went to Boulder, and there, in the absence of plaintiff, collected the money in question and took the cattle and automobile sued upon in this action.

This is a law action and upon the issues joined there is a direct conflict in the evidence. In such a case this court is not permitted to weigh the evidence, but, when there is substantial evidence to support the verdict of the jury or the findings of fact of the trial court, it is well established in this jurisdiction that the judgment must be affirmed. Const. Utah, art. 8, § 9. In this case there is substantial evidence to support the findings of fact made by the trial court and the findings of fact support the judgment.

It therefore follows that the judgment should be, and the same is, affirmed; respondent to recover costs.

THURMAN, C. J., CHERRY and STRAUP, JJ., and McCREA, District Judge, concur.

FRICK, J., did not participate herein.