307 P.2d 894

Minnie Pearl DALTON, as Adm'x of the Estate of James F. Dalton, Deceased, and Minnie Pearl Dalton, Appellant,

v.

Max DALTON and Nell Dalton, his wife, and Mutual Life Insurance Co. of New York, Respondents.

No. 8568.

Supreme Court of Utah.

March 4, 1957.

Raymond R. Brady, Dean E. Flanders, Salt Lake City, for appellant.

M. Blaine Petersen, L. Robert Anderson, Monticello, for respondents.

HENRIOD, Justice.

Appeal from a judgment quieting title to certain real property in defendants. Affirmed with costs to defendants.

A deed dated October 27, 1930 and notarized, according to the acknowledgment, on October 28, 1930, wherein one Perkins was grantee, bore the signatures James F. Dalton and Minnie Pearl Dalton. The latter, personally and as administratrix of

James F. Dalton, denied that either she or her husband signed or delivered the deed. The evidence more than amply supported the trial court's finding that she and her husband did sign the deed. Even to an untrained eye, one is impressed with the remarkably characteristic near-identicalness of the signature found on the deed and that found on an affidavit admittedly affixed by Minnie Pearl over twenty-five years later in 1955.

There is evidence in the record that at about the time of execution, the deed in question was placed in escrow with the bank along with an agreement that by its terms called for final payment in 7 years whence, upon completing instalment payments, it was to be delivered to Perkins. The record also reflects evidence to the effect that defendants bought the property from the Perkins interests in 1941 for $500, and that such property was listed in probate and distributed to the Perkins heirs in 1942, which heirs in turn deeded to defendants who recorded the deed in 1948. From 1930 to date either the Perkins or defendants have paid all taxes, and since 1941 defendants continuously have grazed and occupied the property. Although Minnie Pearl denied that she and her husband were in Utah in 1930, a witness testified that he employed her husband there during that year. Another witness testified that he acknowledged James F. Dalton's signature on the deed, that he believed he acknowledged Minnie Pearl's but could not be positive. There is no evidence that any demand was made of Perkins for any defaulted payment.

Appellant makes much of the difference of one day's date between the deed and the acknowledgment, that Minnie Pearl denied signing the deed or receiving anything for it, that she claimed there was no evidence of delivery, that the deed was found in the possession of the attorney for the Perkins estate, that the deed was recorded in 1948, and that Minnie Pearl could not have been in Utah in 1930 because she and her children said so.

Difficulty with appellant's position is that the evidence was contradictory in many respects, and the doubts were resolved by the trial court in defendant's favor on substantial evidence, which, if believed amply supported the trial court. Furthermore, it is clear that the trial court did not believe Minnie Pearl, and an examination of the record would not justify the conclusion that he was unreasonable, arbitrary or capricious in that respect. Finally, counsel for appellant has canvassed the facts in this case in a light most favorable to the appellant, whereas on review of a case of this kind we must view the facts in a light most favorable to defendants and we cannot disturb the conclusions of the trial court if, viewing the facts in such fashion, there is substantial competent evidence supporting the trial court's pronouncement. We

think there is no question but what there was such evidence here.

McDONOUGH, C. J., and CROCKETT, WADE and WORTHEN, JJ., concur.