Lester E. **CANNON** and Margaret Cannon,
Plaintiffs and Appellants,

v.

Orval **WRIGHT**, Defendant and Respondent.

No. 13746.

Supreme Court of Utah.

Feb. 13, 1975.

Robert L. Gardner, Cedar City, for plaintiffs and appellants.

Michael W. Park, Cedar City, for defendant and respondent.

CROCKETT, Justice:

Plaintiff Lester E. Cannon seeks to recover on a promissory note of $6,000, and for attorney's fees for collecting it as therein provided. Defendant Orval Wright denied owing the note, and counterclaimed for $2,500 as the value of an air compressor allegedly converted by the plaintiff. Upon a trial of the issues the court made findings and entered judgment rejecting both claims. Plaintiff appeals.

In 1963 the parties had been involved in ownership of the Kolob Acres Corporation which had title to land in what is now Kolob National Monument. Two thirds of the shares were owned by the Cannons

(Lester and his then wife Margaret), and one third by defendant Orval Wright.

The federal government brought a condemnation action against the corporation to acquire land for the national monument. Because the government was contending that there was not enough water available to the property for a projected subdivision, it was thought desirable to develop water rights and thus enhance the condemnation value. To accomplish that purpose the corporation loaned Orval Wright $6,000, evidenced by the promissory note involved here. The understanding was that the Cannons would be repaid the $6,000 out of the forthcoming condemnation settlement, which was to be secured by an assignment from those funds as the note indicates.

A printed form was used with handwritten portions shown in italics:

Note secured by *Assignment*

*$6,000 Las Vegas,* Nevada

In installments as herein stated, for value received, undersigned promise to pay to *Lester E. Cannon & Margaret Cannon,* or order, at *Las Vegas, Nevada,* the sum of *six thousand & 00/100* dollars, *without* interest on unpaid principal; principal payable in installments of *six thousand & 00/100* dollars, *on the day payment is received by undersigned from the United States Government in settlement of civil action No. C–114–63 in the United States District Court of the state of Utah, Central Division and undersigned does hereby assign to payees as security for this note the sum of 6000 00 from any settlement paid to undersigned as a result of said civil action No. C–114–63* . . . . .

[signed] Orval Wright

In the condemnation action, referred to in the note, a preliminary payment of $45,000 was made to the condemnees March 14, 1964; and a further settlement, making a total of about $73,000, was paid in 1965. The proceeds of the settlement, concerning which some testimony of Mr. Cannon is set forth below, were allocated and disbursed from the office of the attorney for the condemnees, a Mr. Nitz, in Las Vegas, Nevada. Upon the basis of the evidence it was the view of the trial court that the parties received the correct allocation of their respective shares of the proceeds. However, for some reason not explained in the evidence, the note remained in the possession of Lester Cannon until this action was brought in December 1969, only three months before the statute of limitations would have run.

There is no doubt about the correctness of certain propositions advocated by the plaintiff: that it was proved that the defendant Wright had signed the promissory note; and that inasmuch as it was in the possession of the plaintiff, that constituted a prima facie case that the note had been duly executed and delivered, for a valuable consideration, and that defendant was obligated to pay it;[1] and further, that the claim of payment is an affirmative defense which the defendant Wright as maker had the burden of proving.[2]

Plaintiff complains of these findings made by the trial court: that the note was not to be paid by the defendant except from money received in the condemnation proceeding, and that inasmuch as defendant Wright received no proceeds therefrom after the March 14, 1964, partial settlement, that, in effect, a full settlement and satisfaction of the debt had been made. Bearing on that issue certain portions of the plaintiff's own testimony are pertinent:

Q  Do you have any idea how much you got out of the initial $45,000?

A  No, I don't. It runs in my mind possibly $17,000.

Q  And it could be that you got the $6,000 owing from Orval Wright?

---

1. See Sec. 70A–3–307(2), U.C.A.1953.
2. State Bank of Beaver County v. Hollingshead, 82 Utah 416, 25 P.2d 612; cf. Super

Tire Market Inc. v. Rollins, 18 Utah 2d 122, 417 P.2d 132.

A Yes. I had it in the $17,000.

He also testified:

Q Do you know when the next 11 or 12 thousand dollars was distributed?

A I have no idea.

Q So you don't know whether you got the $6,000 from Orval Wright at that time, do you?

A Well, I know that Orval Wright paid me my $6,000. I didn't issue—attach his part of that trust account. I didn't attach that. I don't know what was done with his trust account.

 It is true that the foregoing admissions by plaintiff, relied on by defendant, are taken out of context; and that in other parts of his testimony he denied having received the $6,000 to discharge the note. But plaintiff misconceives and misstates his duty on appeal in attempting to upset the findings and judgment. His brief states that the trial court erred in making the above stated findings against "the clear weight of the evidence." This is not an equity case, but a law case, wherein any substantial evidence will support the findings and judgment.[3]

As we have often reiterated, it is the prerogative of the trial court to determine what aspects of the evidence he will believe.[4] This includes that he can be selective and choose those portions of the testimony of any witness which he thinks has the greater probability of being true. It is usually assumed that a person is more likely to be telling the truth with respect to matters adverse to his own interest than where it may benefit him.[5]

When the evidence in this case is looked at in the light of the foregoing, it is our judgment that there is a sufficient basis therein upon which the trial court could conclude that the defendant Wright's obligation, represented by the note, had been discharged in the settlement referred to.

Affirmed. Costs to defendant (respondent).

HENRIOD, C. J., and ELLETT, TUCKETT and MAUGHAN, JJ., concur.

---

3. Osborn v. Peters, 69 Utah 391, 255 P. 435.

4. Child v. Child, 8 Utah 2d 261, 332 P.2d 981; Zuniga v. Evans, 87 Utah 198, 48 P.2d 513.

5. See 29 Am.Jur.2d Evidence, § 600.