**WASH–A–MATIC, INC., a Utah Corporation, Plaintiff and Appellant,**

v.

**Willis RUPP, aka Willie Rupp, Defendant and Respondent.**

**No. 13688.**

Supreme Court of Utah.

Feb. 25, 1975.

---

4. Ibid., Sec. 16.06, p. 451.

5. 9–3 Code of Adm.Proc., State Tax Comm.

6. 29 Utah 2d 162, 165, 166, 506 P.2d 437 (1973).

Glen E. Davies and Walter J. Plumb, III, Pugsley, Hayes, Watkiss, Campbell & Cowley, Salt Lake City, for plaintiff and appellant.

Gerald G. Gundry and Warren M. Weggeland, Salt Lake City, for defendant and respondent.

ELLETT, Justice:

The plaintiff sued on a written purchase order which contained the following notation:

1. Subject to Financing & Equip. selection 2. check refundable if Financing not arranged.

■ The plaintiff in an attempt to arrange financing got Equipment Leasing, a California company, to talk with the defendant about a lease whereby the plaintiff would sell the material set out in the purchase order to Equipment Leasing and that company in turn would lease it to the defendant.

The plaintiff asserts that financing was thus arranged, and since the defendant refused to accept the equipment when it arrived pursuant to direction of the plaintiff, the defendant breached the purchase order and is liable for damages.

It appears that the plaintiff intended that its sale would be made to Equipment Leasing and not to the defendant.

The record shows that no lease was ever entered into. It cannot be found from the record what terms Equipment Leasing would impose on Mr. Rupp if it bought the material and leased it to him.

Mr. Rupp testified that he once inquired of Equipment Leasing "if his lease programs were open and/or close end" and was informed by the agent that he would have to get all of the figures in before he could give the information. He further testified that the information was never given and that he was trying to see whether it would be to his advantage to lease or to try to finance a purchase through a local bank.

Mr. Rupp made a down payment of $200 at the time he signed the purchase order. He testified that the plaintiff told him steel would go up ten per cent and the order would get the lower price and that the $200 would be refunded if the deal did not go through.

The trial judge sitting without the aid of a jury found that there was no binding contract between plaintiff and defendant and that plaintiff was not entitled to any damages.

■ The evidence was sufficient to sustain the judgment made, and we should sustain the trial court even if we might have come to a different decision had we been trying the matter.[1]

The judgment is, therefore, affirmed. Costs are awarded to the respondent.

CROCKETT, TUCKETT and MAUGHAN, JJ., concur.

HENRIOD, C. J., dissents.

1. Charlton v. Hackett, 11 Utah 2d 389, 360 P.2d 176 (1961).