**KAUFMAN AND BROAD, INC., a Maryland Corporation, et al.,**
Plaintiffs,

v.

**Harold GOOTRAD, Defendant.**

No. 75 Civ. 1799 (MP).

United States District Court,
S. D. New York.

July 14, 1975.

Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for plaintiffs, by John A. Rayll, Jr., New York City.

Fried, Frank, Harris, Shriver & Jacobson, New York City, for defendant, by Leon Silverman, New York City.

## MEMORANDUM

POLLACK, District Judge.

On this motion to vacate the attachment the necessary effect of accepting

the ground for a *vacatur* would be a dismissal of the suit for lack of jurisdiction by reason of absence of diversity of citizenship and absence of any federal question.

The suit complains of defendant's acts and transactions which occurred in France during the employment and association of defendant by and with the plaintiffs. Consequently, the natural venue for such claims would be in France where the parties are currently engaged in business and are located. This, of course, does not answer the question of jurisdiction of this Court but aids in a consideration of the equities.

■ There is no dispute that defendant is a resident of France and has been such a resident since he went there as plaintiffs' employee seven years ago. He is presently employed in France by other interests which he joined following his severance of the connection with the plaintiffs. His domicile is the issue to be resolved hereon and that depends on whether he intended and intends to remain in France.

■ 28 U.S.C. § 1332(a)(1) requires that a party be a citizen both of the United States *and* one of the States, and it therefore has been consistently held that a diversity suit may not be brought against a United States citizen who is domiciled in a foreign country. 13 C. Wright, A. Miller, & E. Cooper, *Federal Practice and Procedure,* § 3621 (1975).

■ The burden is on the plaintiff to establish by a preponderance of the evidence that defendant is a "citizen" of one of the States. *Id.,* § 3611, at 709–10. To be a citizen of a State, a person must be domiciled in that State and be a citizen of the United States. *Id.,* at 697. Domicile is in turn based on (1) residence and (2) an intention to remain for an indefinite period of time. *E. g., Sanial v. Bossoreale,* 279 F.Supp. 940, 944 (S.D.N.Y.1967). Resolution of a dispute as to citizenship has been accomplished by a preliminary hearing. *Sanial, supra,* or by affidavits and briefs. *Haggerty v. Pratt Institute,* 372 F.Supp. 760 (E.D.N.Y.1974).

On the application for an attachment, in the supporting affidavit by the vice president and general counsel, plaintiffs averred that defendant "maintains his residence and domicile in France." All of the defendant's evidence submitted hereon including his tax returns on Form 2555 fully document and sustain his status as a current domiciliary of France and his intention so to remain. The suggestion is made that the plaintiffs' averment in the affidavit was a mechanical inadvertence without any appreciation of the jurisdictional effect thereof. Nonetheless the concession does accord with the facts amply demonstrated by the proofs. Surely the defendant's employers were in a position to appreciate their employee's intent. The further suggestion made by the plaintiffs that defendant's wife and children are presently in New York, although not factually supported and only surmised by plaintiffs, is adequately answered by the fact that defendant is divorced from his wife. Further, it appears in the record that the parties are at this very time litigating in cross-claims on other matters in France.

Ample opportunity has been given to plaintiffs to substantiate their denial of defendant's intent to be domiciled in France and no factual support has overcome defendant's proofs.

Accordingly, finding that the evidence establishes defendant as an intended domiciliary in France and that he is a United States citizen, diversity jurisdiction is lacking. The defendant is neither a citizen of a State nor an alien. *E. g., Twentieth Century-Fox Film Corporation v. Taylor,* 239 F.Supp. 913, 915 & n. 2, 4 (S.D.N.Y.1965) (*dictum*).

The writ of attachment is vacated and the suit is dismissed for want of federal jurisdiction. On consent of the defendant the attachment bond is vacated without liability of the plaintiffs to the de-

fendant and the dismissal of the suit is without costs to either party against the other. Any liability for marshall's fees, if any, is to be borne by the plaintiff.

So ordered.