Evelyn FISHER, Plaintiff and Respondent,

v.

Rada S. TAYLOR and Lela M. Osborn, Defendants and Appellants.

Nos. 14778, 14796.

Supreme Court of Utah.

Dec. 2, 1977.

---

the purchase of the clothing business known as the Forecast, Inc., together with its corporate stock and assets. The case was tried to the court and from a judgment for the unpaid balance of the purchase price defendants filed this appeal.

The purchase agreements provided for a total purchase price of $65,000, the sum of $25,000 to be paid down and the balance of $40,000 to be paid in equal monthly installments to be agreed upon by the parties, together with interest at the rate of 7 per cent per annum commencing April 1, 1974. Pursuant to the further agreement of the parties, defendants took possession of the corporate assets, assumed the lease obligation on the premises housing the corporation, and continued operations as an on-going corporate business until apparent financial reverses compelled them to abandon the business premises and cease operating entirely. As of April 11, 1975, the defendants had paid only the sum of $5,051.57 toward the balance due on the purchase price, failing to make equal monthly payments thereon as agreed.

The agreement also provides that the seller is to pay all taxes payable prior to the transfer of the corporate stock, however, no payments were made and on December 31, 1975, the Secretary of State of the State of Utah issued a certificate of involuntary dissolution.

Defendants assert as error the trial court's ruling that their performance was not excused because plaintiff was disabled from performance (delivery of the corporate stock) by her own inaction in not paying the taxes which resulted in dissolution of the corporation.

William G. Gibbs of Clyde & Pratt, Nick J. Colessides, Salt Lake City, for defendants and appellants.

J. Dennis Frederick, Salt Lake City, for plaintiff and respondent.

HALL, Justice:

The defendants each filed separate appeals and thereafter stipulated for their consolidation. Consequently, this opinion treats them as one joint appeal.

Plaintiff brought an action on May 22, 1975, for breach of a written contract for

■ This Court has consistently followed the well-recognized standard of appellate review which precludes the substitution of our judgment for that of the trial court on issues of fact, and where its findings and judgment are based on substantial, competent, admissible evidence we will not disturb them.[1]

1. *Wash-A-Matic v. Rupp*, Utah, 532 P.2d 682 (1975); *Greener v. Greener*, 116 Utah 571, 212 P.2d 194 (1949); *Dalton v. Dalton*, 6 Utah 2d 136, 307 P.2d 894 (1957).

Viewing the facts of this case in the light most favorable to the ruling below we find that defendants' assertion of error is without merit. The mere chronology of events alone bears this out.

The evidence before the court was that the contract was entered into on February 16, 1974; that defendants were in default in failing to make equal monthly payments at least by April 11, 1975, and probably prior thereto; that plaintiff initiated the suit against defendants on May 22, 1975; and that the forfeiture of the corporate charter did not occur until December 31, 1975, which is at least eight months *after* defendants breached the agreement.

■ The facts adequately support the determination that plaintiff was ready, willing and able to perform (deliver the stock) at all times prior to defendants' material breach of the agreement. The voluntary dissolution of the corporate charter occurred long after the business had failed, closed, and its assets were depleted. Certainly no reasonable inference could be drawn that it in any way precipitated defendants' breach.

■ Defendants' closure of the business and failure to pay the balance of the purchase price was clearly the first material breach and they cannot be heard to complain of a subsequent breach,[2] nor can they take advantage of their own breach to escape contractual liability.[3]

■ The facts also support the trial court's determination that plaintiff's performance was not due until the purchase price was paid.[4] Such being the case, plaintiff was not obliged to have full and marketable title at all times during the pendency of the contract.[5]

Judgment affirmed. Costs awarded to plaintiff.

ELLETT, C. J., and CROCKETT, MAUGHAN and WILKINS, JJ., concur.

---

2. *Scientific Packages v. Gwinn*, 134 Colo. 233, 301 P.2d 719 (1956).

3. 17 Am.Jur.2d, Contracts, § 425; *Fischer v. Johnson*, Utah, 525 P.2d 45 (1974).

4. *Marlowe Investment Corporation v. Radmall*, 26 Utah 2d 124, 485 P.2d 1402 (1971).

5. *Leavitt v. Blohm*, 11 Utah 2d 220, 357 P.2d 190 (1960).