LaVere GRIFFETH and Associates, Plaintiffs and Appellants,

v.

Glee ZUMBRENNEN and Patricia H. Zumbrennen, his wife, and Illa L. Haase, Defendants and Respondents.

No. 15223.

Supreme Court of Utah.

March 24, 1978.

Robert Rees Dansie, Carl J. Nemelka, Salt Lake City, for plaintiffs and appellants.

Clair M. Aldrich of Aldrich, Nelson & Wright, Provo, for defendants and respondents.

HALL, Justice:

Plaintiffs appeal from a judgment denying specific performance of a contract for the purchase of real estate.

Defendants listed the property in question for sale through Kolob Realty and it appeared on the multiple listing board. Provo Real Estate presented an "Earnest Money Receipt and Offer to Purchase" on behalf of plaintiffs which was accepted by defendants. By the terms thereof, approximately 3.85 acres were to be sold subject to an accurate survey which defendants provided and also subject to a zoning change which plaintiffs obtained. The purchase price was $26,600 per acre, payable $500 at

the time the offer was accepted and the balance in cash at closing which was to be on or before June 6, 1975. Provo Real Estate arranged for Valley Title Company of Provo to conduct the closing and act as escrow agent.

Some two weeks prior to the closing date, and several times prior thereto, plaintiffs requested extensions of time, all of which were refused by defendants.

Defendants' presence was not required at the June 6 closing so they excused themselves in order to attend to other matters, agreeing to appear on the following Monday, June 9. They were advised in the afternoon of June 6 that plaintiffs had paid over the balance due of $98,131.98 but were not told that the payment was in the form of a personal check and the plaintiffs had been advised to replace it with a cashier's check "by the first of the following week." On the following Monday morning the escrow agent called the bank upon which plaintiffs' check was drawn and was informed that the check would not clear. This fact was not conveyed to defendants when they came in and signed the closing documents and deed. Instead, at the direction of Provo Real Estate, they were merely told that their money could not be disbursed before Tuesday afternoon or Wednesday. When defendants appeared on Wednesday morning they were told for the first time that their money was not available because the check would not clear.

Plaintiffs' bank was again called and the check still would not clear, whereupon defendants rescinded the agreement and directed the escrow agent not to release or record any of the documents previously signed.

■ Plaintiffs contend that the personal check presented at closing was a valid tender of performance and that if in fact time was of the essence that defendants waived their right thereto which entitled plaintiffs to a reasonable time to replace the personal check with a cashier's check. These contentions are without merit for there is substantial, competent, admissible evidence in the record to support the trial court's judgment to the contrary and we are precluded by the rules of appellate review from disturbing it.[1]

■ The earnest money agreement specifically required performance (payment in cash) on or before June 6, 1975. That provision, in and of itself, connotes that time was of the essence, and when coupled with the actions of parties pertaining to the requests for and denials of any time extensions, the fair import thereof is that the parties did agree that time was of the essence.

■ In order to constitute a valid tender or offer to pay the purchase money, the purchaser of real property must tender lawful money, and when he fails to do so, the vendor may refuse to accept the tender on the ground that it is not in the proper kind of money, irrespective of his motive in so doing.[2] It is also a general rule that a check is not legal tender as against an objection duly made.[3]

■ In the instant case, plaintiffs' tender of a worthless check was clearly invalid.[4] They were told by the escrow agent that it was not acceptable and they agreed to replace it with a cashier's check but never did so. Five days after payment was due defendants sought to obtain their money and were apprised for the first time that a personal check had been tendered. They then objected thereto and, upon advice from plaintiffs' bank that the check would still not clear, rescinded the agreement. The objection was timely and they

1. *Fisher v. Taylor,* Utah, 572 P.2d 393 (1977), and cases cited therein.

2. 77 Am.Jur.2d, Vendor & Purchaser, Sec. 306.

3. Ibid., see also 60 Am.Jur.2d, Payment, Sec. 45 and U.C.A. 1953, 78–27–3.

4. *Sieverts v. White,* 2 Utah 2d 351, 273 P.2d 974 (1954).

were entitled to rescind without affording additional time to plaintiffs to perform.[5]

Affirmed. Costs awarded to defendants.

ELLETT, C. J., and MAUGHAN, CROCKETT and WILKINS, JJ., concur.

**5.** *Nance v. Schoonover*, Utah, 521 P.2d 896 (1974).