Enid ALLEN, Plaintiff and Appellant,

v.

GREYHOUND LINES, INC., a corporation, Defendant and Respondent.

No. 15415.

Supreme Court of Utah.

Aug. 8, 1978.

Richard Richards, Ogden, for plaintiff and appellant.

L. Ridd Larson, Salt Lake City, for defendant and respondent.

HALL, Justice:

Plaintiff brought this action for personal injuries sustained in the State of Idaho while a passenger on defendant's bus. The case was tried to the court, sitting without a jury, and from a judgment of dismissal on the ground that her claim is barred by the limitation statutes of Idaho and Utah, plaintiff appeals.

The sole issue presented for the trial judge's determination was one of fact, viz., the place of plaintiff's domicile. If found not to be domiciled in Utah, plaintiff's claim would be barred by Idaho's statute of limitations. If found to be domiciled in Utah, the longer Utah statute of limitations applies which would not bar her claim. The trial court concluded plaintiff was a Montana domiciliary. The plaintiff by this appeal, would have us redetermine that fact and substitute our judgment for that of the trial court. This we cannot do. The basic principles of appellate review preclude this Court from disturbing the findings below when they are supported by substantial, competent admissible evidence[1] as is the case here.

The evidence at trial was not materially in conflict. Plaintiff and her husband own a dwelling in Ogden, Utah, in which they resided for a number of years. They moved to Dillon, Montana, in 1972 to become live-in managers and operators of a motel in which they had acquired an ownership interest. Their daughter resides in their house in Ogden and they stay with her on periodic visits to Utah. Plaintiff was returning to Dillon after such a visit and was injured as a result of a bus accident which occurred in Pocatello, Idaho, on January 27, 1974. This suit was filed on June 2, 1976, more than two years after the cause of action arose.

Plaintiff readily admits: (1) having established a residence in Montana; (2) having become a member of a church congregation in Montana where she pays tithes; (3) not paying resident of Utah income taxes; (4) having licensed a vehicle in Montana and paying license fees and personal property taxes thereon; and (5) being a registered voter in Montana and exercising her voting privilege there.

The controversy as to domicile arises simply by reason of plaintiff's declaration that she is still a Utah domiciliary and that at some indefinite time in the future she intends to return to Utah and again reside here.

Faced with the foregoing facts, the trial judge determined that plaintiff's residence in Montana, coupled with her intention to remain for an indefinite period of time, constituted the establishment of domicile. That decision finds ample support in the evidence and it should not be overturned simply because we or other judges might have interpreted the facts differently.[2] The trial judge apparently placed greater weight upon plaintiff's activities than upon her declaration of intent to remain a domiciliary of Utah as it was clearly his prerogative to do as fact-finder.[3]

The issue presented here appears not to have been specifically treated by this Court previously; however, the decision below is entirely consistent with the expressions of other jurisdictions as to the general principles of law pertaining to domicile. Domicile is based on residence and intent to

1. *Griffith v. Zumbrennen,* Utah, 577 P.2d 129 (1978); *Fisher v. Taylor,* Utah, 572 P.2d 393 (1977); *Cannon v. Wright,* Utah, 531 P.2d 1290 (1975).

2. *Owen v. Owen,* Utah, 579 P.2d 911 (1978).

3. *Gardner v. Gardner,* 118 Utah 496, 222 P.2d 1055 (1950).

remain for an indefinite time.[4] The intention need not be to remain for all time, it being sufficient if the intention is to remain for an indefinite period.[5] Domicile is presumed to follow residency and the burden of proof is on the person contending to the contrary.[6] A man's home is where he makes it, not where he would like to have it.[7]

The decision is also consistent with Utah statutory provisions pertaining to voting:

\*　　\*　　\*　　\*　　\*　　\*

(f) If a person removes to another state with the intention of making it his principal place of residence, *he loses his residence in this state.*

(g) If a person removes to another state with the *intention of remaining there for an indefinite time as a place of permanent residence,* he loses his residence in this state, notwithstanding he entertains an intention of returning at some future period.

\*　　\*　　\*　　\*　　\*　　\*

(i) A change of residence can only be made by the act of removal joined with the intent to remain in another place. *There can only be one residence.* A residence cannot be lost until another is gained.[8] [Emphasis added.]

■ Having determined that plaintiff is no longer domiciled in Utah, the trial judge appropriately applied the two-year limitation statute of Idaho[9] which bars plaintiff's cause of action. This he was required to do by virtue of the provisions of Utah's "borrowing" statute which provides as follows:

When a cause of action has arisen in another state or territory, or in a foreign country, and by the laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this state, *except in favor of one who has been a citizen of this state and who has held the cause of action from the time it accrued.*[10] [Emphasis added.]

■ Although not urged by plaintiff below, or here, Mr. Justice Crockett in his dissent hereto interprets the emphasized language of the foregoing statute as affording plaintiff a right to proceed[11] by reason of the fact that she had apparently, *at some time in the past,* been a citizen of the State of Utah. That interpretation is not deemed proper because it thwarts the purpose of the statute which is designed to prevent forum shopping and circumvents it by applying the law of the forum.

The more reasonable interpretation of the exclusory language of the statute is that it affords the protections of Utah law only to its residents who incur causes of action while outside the state. Such an interpretation serves the legitimate purpose of protecting a limited class (Utah residents) as of the date their cause of action arises, although they may have since chosen a new state residence. Most importantly, it does no violence to the "borrowing" statute which stands on the books for the purpose of preserving the worthwhile concepts of comity. To extend the protection of the Utah law to any person who was *ever* a resident does such violence.

The so-called Utah "borrowing" or comity statute apparently has been literally "borrowed" from California which has a verbatim statute dating back to at least 1872.[12] The courts of California have construed the identical exclusory language thereof on sev-

---

**4.** *Kaufman & Broad, Inc. v. Gootrad,* 397 F.Supp. 1054 (S.D.N.Y.1975).

**5.** 25 Am.Jur.2d Domicil, Sec. 24, 25 and 27.

**6.** *Jizmejian v. Jizmejian,* 16 Ariz.App. 270, 492 P.2d 1208 (1972).

**7.** *Mitchell v. Delaware State Tax Com'r.,* 42 Del. 589, 42 A.2d 19 (1945).

**8.** U.C.A., 1953, 20–2–14(1).

**9.** Section 5–219(4), Idaho Code Annotated (1948).

**10.** U.C.A., 1953, 78–12–45.

**11.** U.C.A., 1953, 78–12–25(2) providing for a our-year limitation.

**12.** California Code of Civil Procedure, Sec. 361.

eral occasions and they have consistently done so as to afford its protections to *residents*.[13] No reported cases have been found where any jurisdiction has ever been called upon to extend such statutory protections to *former* residents as well.

Affirmed. Costs to defendant.

WILKINS, J., concurs.

MAUGHAN, Justice (concurring in result):

In the result, I concur. However, I disagree with the statement making the question of domicil one of fact alone, and thus attempting to preclude this Court from substituting its judgment for that of the trial court.

Domicil is a question of law. At best, it can only be a mixed question of law and fact. Had the trial court misapplied the law of domicil we could certainly substitute our judgment for that of the trial court. See Am.Jur.2d, Domicil, Sec. 101.

CROCKETT, Justice (dissenting):

It runs contrary to my sense of justice to deprive the plaintiff of her entitlement to access to the courts[1] and the protections of the laws of this state in which she was born, in which she has spent her life except when necessity of making a livelihood required her to be elsewhere, and which she does now and always has regarded as her home.

This for two basic reasons: first, in my judgment there is no reasonable basis in the evidence to justify a conclusion contrary to the plaintiff's asserted intent and her evidence in support thereof that she regards Ogden, Utah, as her home and residence. Second, and of greater and controlling importance, even if she were not, she is indisputably

. . . *one who has been a citizen of this state* and who has held the cause of action from the time it accrued

as provided in Sec. 78–12–45 quoted in the main opinion.

The foundational proposition which should be kept in mind is that this case is brought in our Utah court and should be governed by Utah laws unless there is a clear and compelling reason why it must be controlled by other law. From the just quoted language it could not be more plainly stated that the legislature did not intend to limit access to our courts solely to persons who are presently residents of Utah,[2] but extended the benefit of that statute to persons who are or who *have been* residents.[3] Neither can it be questioned that it is within the prerogative of our legislature to so provide with respect to limitations of actions brought in our courts. Further, even if the just-quoted statutory provision should be regarded as in any way ambiguous, which I cannot see that it is, any doubt should be resolved in favor of according to the plaintiff (and anyone in similar circumstances) the constitutional rights first referred to above. Wherefore, I can see no fair or logical escape from the conclusion that the quoted statute affords the plaintiff the protection of our laws and prevents the application of the Idaho statute of limitation in our courts.

The foregoing should effectively settle this controversy. But also to be considered is the other proposition: that the evidence does not justify the trial court's conclusion that the plaintiff is not a citizen of Utah. In relation thereto certain observations are to be made. In fairness to the position of

**13.** See *Stewart v. Spaulding,* 72 Cal. 264, 13 P. 661 (1887); *Biewend v. Biewend,* 17 Cal.2d 108, 109 P.2d 701 (1941); *Western Coal Mining Co. v. Jones,* 27 Cal.2d 819, 167 P.2d 719 (1946); *Grant v. McAuliffe,* 41 Cal.2d 859, 264 P.2d 944 (1953).

**1.** Utah Const., Art. I, Sec. 11.

**2.** Other states have enacted statutes and provide therein an exception which favors those plaintiffs who *are* residents of the state in

which the action is brought. 53 C.J.S. Limitation of Actions § 31.

**3.** In regard to the problem of concern herein, the term "citizen" should be treated as synonymous with "domiciliary" and "resident." See 25 Am.Jur.2d, Domicil, Sections 4 and 9; *Jones v. Burkett,* Okl., 346 P.2d 338 (1959); *Schoof's Estate v. Schoof,* 193 Kan. 611, 396 P.2d 329 (1964).

the defendant, as adopted in the main opinion, I have no hesitancy in agreeing that even though a person's intent is a very important factor in making such a determination, he cannot establish domicile or shift it about solely by declarations of intent to suit expedience or for ulterior purposes. On the other hand, in judging the question of a person's domicile, the court should indulge a great deal of deference to a person's prerogative of choosing his own domicile;[4] and give it due consideration, together with all other facts and circumstances bearing thereon.[5] In that regard, it is also pertinent to observe that where a person so expresses his intent and claims a domicile at a specific place, and there is any reasonable foundation upon which to predicate his claim of residence, his intent and desire in that regard should be respected; and the burden of proof to the contrary is upon the one attacking that assertion.[6]

The main opinion fairly and correctly states that the evidence is "not materially in conflict." That being the case, there should be no question about the facts as stated by the plaintiff. The most important single fact bearing on the issue in dispute is that the plaintiff says that she now does and has always regarded Ogden as her home; and that she intends to return to the family home which they own there when the business purpose for which she went to Montana is accomplished. She is a native of Utah. After their marriage, she and her husband purchased their family home in Ogden in 1954, where they lived and reared their family until August of 1972, when, in pursuit of earning their livelihood, they engaged in a business enterprise which required them to go to Montana. They acquired an interest in a motel in Dillon (approximately one-third interest) and in connection therewith entered into an agreement to manage it. Since that time

their commitment to that business has required them to be present there and occupy one of its units.

It should be borne in mind that the critical time to determine the plaintiff's residence as it affects this action is as of the commencement thereof, in June of 1976. In further support of the plaintiff's contention that her true domicile is in Utah are these facts: that she and her husband still own their family home in Ogden, which is lived in, in effect as surrogate for them, by their own family (her daughter and her family); where plaintiff frequently returns and stays as she desires; and that she has her medical and dental services performed there. She has always retained and kept active her Utah driver's license and has never obtained one from Montana. Also important to consider in connection with the foregoing is the plaintiff's entirely reasonable insistence that the things she has done in Montana, such as filing tax returns, paying taxes and license fees, and affiliating with the branch of her church there, are only such things as are essential and expedient to her being there to perform her business duties, and are not inconsistent with her commitment that her real and permanent home is in Ogden, where she will return when her temporary sojourn in the Montana motel, necessitated by the business venture, is completed.

In accordance with what has been said above, it is my judgment that there is no basis in the evidence upon which the trial court could fairly and reasonably conclude that the defendant had met its burden of proving that, at the time of the commencement of this action, the plaintiff was not a resident of the state of Utah. But as stated above, the even more important and persuasive proposition is that there is not the slightest scintilla of foundation in evi-

---

4.  That intent is the key element to establishing a domicile, see *Bialac v. Bialac,* 95 Ariz. 86, 386 P.2d 852 (1963); *Brandt v. Brandt,* 76 Ariz. 154, 261 P.2d 978 (1953).

5.  See *Graham v. Graham,* Okl., 330 P.2d 1046 (1958), which discusses the factors to be considered.

6.  25 Am.Jur.2d, Domicil, Section 87; *Houghton v. Piper Aircraft Corp.,* 112 Ariz. 365, 542 P.2d 24 (1975); *Jizmejian v. Jizmejian,* 16 Ariz.App. 270, 492 P.2d 1208 (1972).

dence or in reason to support any other idea than that she is *"one who has been a citizen of this state,"*[7] as provided in Sec. 78–12–45, and therefore entitled to access to the courts and the protections of the laws of this state. I would therefore reverse the trial court's ruling to the contrary and remand the case for further proceedings. (All emphasis herein added.)

ELLETT, C. J., concurs in the views expressed in the dissenting opinion of CROCKETT, J.

---

7. This would, of course, include present residents, because they always "have been" residents at the previous instant, or day, etc.