**WASATCH BANK, a Utah Banking Corporation, Plaintiff and Respondent,**

v.

**Kevin B. LEANY and Darleen J. Leany, husband and wife, Defendants and Appellants.**

**No. 20624.**

Supreme Court of Utah.

Oct. 21, 1986.

Gary L. Chrystler, Provo, for defendants and appellants.

Rex Lewis, Provo, for plaintiff and respondent.

PER CURIAM:

Defendants appeal a deficiency judgment awarded under the terms of a trust deed.

On December 23, 1980, defendants purchased real property located in Payson, Utah. To facilitate the purchase and finance of the property, defendants executed in favor of plaintiff a trust deed and a promissory note in the amount of $55,920. When defendants failed to make payments, plaintiff gave notice of default and declared due and payable the outstanding principal and interest on the note. A trustee's sale was thereafter held on September 20, 1983. As of that date, defendants owed plaintiff $55,396.87 (principal), $5,769.81 (interest), and $3,382.22 (costs of sale), for a total of $64,466.91. At the trustee's sale, plaintiff acquired the property on a bid of $34,000. The only question raised by this case is whether, on the date of sale, the property's fair market value exceeded that amount.

At trial, there was evidence that on the date plaintiff acquired the property it was in general disrepair and not habitable. Plaintiff's expert witness testified that the property would be valued at $80,000, if it were in rentable condition, but that in September 1983, its "as is" value was $30,000. Plaintiff's manager testified that after the trustee's sale, plaintiff secured the property by replacing broken glass and installing locks and a new roof and that the home was resold on May 18, 1984, for $31,500. There was also evidence adduced that after the resale, $41,107 was spent in repairing the property. Defendants' expert testified that on the date of the trustee's sale, the property was worth about $70,000 less repairs which he estimated to be about $15,000. When told the repairs actually cost $41,107, he admitted he did not know the extent of mechanical disrepair which included a nonoperable heating system. Based on the evidence, the trial court found that on September 20, 1983, the fair market value of the property did not exceed $34,000. The court explained that the evidence presented by plaintiff's expert was the most realistic. The court pointed out that when the cost of actual repairs was taken into account, defendants' own expert substantially agreed. The court awarded deficiency judgment in the amount of $30,466.91 ($64,466.91 less $34,000), plus costs of $104.38.

On appeal, defendants challenge the findings of the trial court as to fair market value. Specifically, they attack the consideration of the list of actual repairs in the

sum of $41,107.[1] There was no objection lodged to this testimony at trial. In any event, the testimony of plaintiff's witness alone was sufficient to support the award. The trial court found that plaintiff's appraisal was "the most realistic." In bringing this appeal, defendants are really arguing that this Court should substitute its judgment for that of the trial court on a factual question. This we are not prepared to do. As stated in *Fisher v. Taylor*, 572 P.2d 393, 394 (Utah 1977):

> This Court has consistently followed the well-recognized standard of appellate review which precludes the substitution of our judgment for that of the trial court on issues of fact, and where its findings and judgment are based on substantial, competent, admissible evidence we will not disturb them.

(Citations omitted.)

There is substantial evidence in the instant case to support the trial court's finding of fair market value. The judgment is therefore affirmed. Costs to plaintiff.[2]

1. They claim that there was no evidence that the repairs were actually made and, if made, that they were reasonable and necessary.

2. In his brief on appeal, plaintiff requests attorney fees on appeal as "just damages" under Utah Rule of Appellate Procedure 33(a). The rule provides: "If the Court shall determine that a motion made or appeal taken under these Rules is either frivolous or for delay, it shall award just damages and single or double costs, including reasonable attorney's fees, to the prevailing party." Although this appeal is without merit, we are not convinced that it is "frivolous or for delay."