**William G. CLEMENTS and Kathleen K. Clements, Petitioners,**

v.

**UTAH STATE TAX COMMISSION, COLLECTION DIVISION, Respondent.**

No. 940664–CA.

Court of Appeals of Utah.

March 31, 1995.

James W. Kennicott, Janet A. Goldstein, Park City, petitioners.

Brian L. Tarbett, Asst. Atty. Gen., Jan Graham, State Atty. Gen., Salt Lake City, for respondents.

Before BILLINGS, DAVIS, and ORME, JJ.

## OPINION

BILLINGS, Judge:

We have determined that "[t]he facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument." Utah R.App.P. 29(a)(3).

William Clements seeks review of a decision of the Utah State Tax Commission (Commission) holding him liable for unpaid state income taxes for the years 1987–1991 and for a penalty for intent to evade taxes. We affirm in part, and reverse and remand in part.

## FACTS

William Clements (Petitioner) has been a pilot for Delta Airlines since 1969. From 1970 to 1984, he and his wife (together, Petitioners) lived in Florida, where Petitioner was based. In 1984, Petitioners purchased ten acres of property in Bondurant, Wyoming. The following spring, they began construction of a dwelling on that property which was completed in June 1986. During the winter months, this dwelling is only accessible by snowmobile over a three-mile ac-

cess road, and is over four and one-half hours by car from Salt Lake City, Petitioner's current flight base. Petitioner was based in Atlanta, Georgia while the Wyoming dwelling was being completed.

In 1987, Petitioner sought and obtained a transfer to Salt Lake City, Utah. Also in 1987, Petitioners sold their home in Newnan, Georgia and purchased a lot in Park City, Utah. Petitioners began construction on the Park City lot that winter, and the home was completed in August 1988. In the interim, Petitioners rented a condominium and later a house in Park City. Petitioner admits that his wife and child have resided in Park City since 1987 and are domiciled in Utah. However, Petitioner claims he is domiciled in Wyoming.

Petitioner has registered to vote in Wyoming. However, he has only voted by absentee ballot. From 1987 to 1991, Petitioner obtained Wyoming resident hunting and fishing licenses. Additionally, Petitioner maintains a Wyoming driver's license.

Petitioner has also obtained, following affirmation of residency under penalty of perjury, Utah resident hunting and fishing licenses from 1988 to 1992. Petitioner has maintained a Utah driver's license simultaneously with his Wyoming driver's license. Moreover, having had his Utah driver's license confiscated by the Wyoming State Police upon being informed that it is unlawful to simultaneously possess two driver's licenses issued by different states, Petitioner immediately applied for and obtained a duplicate Utah driver's license.

As a condition for employment with Delta Airlines, Petitioner is required to list a telephone number where he may be contacted. On October 26, 1987, Petitioner supplied Delta with only his Park City telephone number and address. Petitioner is also required to undergo a physical examination every six months. All of these examinations have been performed in Utah. In addition, on his medical certificate, which is signed by both Petitioner and his physician, Petitioner lists an address in Park City as his residence.

Utah is also the center of Petitioner's financial and commercial life. Throughout the audit period, Petitioner has maintained, with his wife, a joint bank account in Park City, Utah. A summary of Petitioner's checking transactions for the audit period shows that 1,872 checks, totaling $499,271.57, have been written to individuals or businesses in Utah. Eighty-one checks, totaling $6,903.69, have been written to businesses and individuals in Wyoming. Summaries of Petitioner's credit card and automated teller machine transactions over the same period show a similar pattern. In addition, on numerous financial and commercial documents, including credit card slips, a car rental agreement, an IRA application, a credit card application, and a credit union application, Petitioner listed his Park City residence and gave his Park City telephone number.

Finally, Petitioner, his wife, and daughter are shareholders in a Utah subchapter-S corporation, WKB Enterprises. In January of 1991, after learning that WKB would not be subject to the $100 minimum tax, and that all penalties and interest would be waived upon the filing of an amended return showing that all shareholders of the corporation were Utah residents, Petitioner filed such amended returns for the 1988 and 1989 tax years. In those amended returns, which were signed by Petitioner as Vice President, all shareholders of the corporation were represented to be Utah residents.

On January 19, 1994, the Commission ordered Petitioner to pay state tax on his income for the period 1987 to 1991, plus interest. The Commission found that Petitioner had claimed a Wyoming domicile, where there is not a state income tax, with the intent to evade the payment of income taxes to the State of Utah. The Commission therefore ordered the Petitioner to pay the greater of $500 or 50% of the tax due, as a penalty.

Petitioner seeks review of the Commission's decision, alleging that: (1) the evidence is insufficient to support the Commission's finding that he was domiciled in Utah from 1987 to 1991; (2) the Commission erred in not dismissing Kathleen Clements from its proceeding; (3) the Commission abused its discretion in cutting off the direct examination of Petitioner and in refusing to admit

evidence of Petitioner's eligibility for benefits in Utah and Wyoming; and (4) the Commission erred in finding that Petitioner had the requisite intent to evade the payment of state income tax and thus erred in assessing a fifty percent penalty.

## I. DOMICILE

■ The Commission's determination of domicile is one of fact. *O'Rourke v. State Tax Comm'n*, 830 P.2d 230, 232 (Utah 1992). The standard of review for this matter is governed by statute. *See Orton v. State Tax Comm'n*, 864 P.2d 904, 907 (Utah App.1993). In part, Utah Code Ann. § 59–1–610 (Supp. 1993) provides:

(1) When reviewing formal adjudicative proceedings commenced before the commission, the Court of Appeals or Supreme Court shall:

(a) grant the commission deference concerning its written findings of fact, applying a substantial evidence standard on review.

*Id.* § 59–1–610(1)(a). Because domicile is a question of fact, we must defer to the Commission's finding unless it is not supported by substantial evidence. As articulated in *Grace Drilling Co. v. Industrial Commission*, 776 P.2d 63 (Utah App.1989), substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Id.* at 68 (quoting *Idaho State Ins. Fund v. Hunnicutt*, 715 P.2d 927, 930 (Idaho 1985)). In determining whether the evidence here meets the substantial evidence requirement, this court must review the entire record before the court and consider all the evidence that both supports and detracts from the Commission's findings. *Orton*, 864 P.2d at 908.

■ It is the intent of the state legislature "to impose on each resident individual ... for each taxable year a tax measured by the amount of [his/her] 'taxable income.' " Utah Code Ann. § 59–10–102 (1992). In part, Utah Code Ann. § 59–10–103 (Supp. 1994) defines "resident individual" as "an individual who is domiciled in this state for any period of time during the taxable year." *Id.* § 59–10–103(1)(j)(i). Domicile is defined by Utah Administrative Rule 865–9–2I(D) as

"the place where an individual has a true, fixed, permanent home and principal establishment, and to which place he [or she] has (whenever he [or she] is absent) the intention of returning." Utah Admin.R. 865–9–2I(D) (1994). In determining whether a party has established a Utah domicile, the factfinder may accord the party's activities greater weight than his or her declaration of intent. *Allen v. Greyhound Lines, Inc.*, 583 P.2d 613, 614 (Utah 1978) (citing *Gardner v. Gardner*, 118 Utah 496, 222 P.2d 1055, 1057 (Utah 1950)). "A man's home is where he makes it, not where he would like to have it." *Id.* at 615. Even though a person may not intend to remain in the state for all time, domicile will be found where there is a residence coupled with an intent to remain for an indefinite period. *Id.*

In prior decisions, this court and the Utah Supreme Court have considered a number of factors in reviewing the evidence supporting domicile. In *Orton v. State Tax Commission*, 864 P.2d 904 (Utah App.1993), we considered such factors as the defendant's provision of funds to support his family's residence in the state, the number and frequency of defendant's return trips to Utah, the location of defendant's bank accounts, and the defendant's mailing address in upholding the commission's finding of a Utah domicile. *Id.* at 908. Similarly, in *O'Rourke v. State Tax Commission*, 830 P.2d 230 (Utah 1992), the Utah Supreme Court considered a variety of defendant's contacts with the state, such as a Utah motor vehicle registration, ownership and improvement of property in the state, possession of a Utah driver's license, registering to vote in Utah, and use of a Utah mailing address to uphold the commission's finding that the defendant was domiciled in the state. *Id.* at 231.

■ In the instant case, Petitioner has numerous contacts with Utah, including a family whom he supports and regularly visits in the state, a family doctor in the state, a Park City mailing address for all important mail, and a bank account in Park City. Additionally, Petitioner possesses: (a) a large Park City home, in which his family resides, (b) a Utah corporation, wholly owned by his

family, (c) a Utah driver's license, and (d) Utah resident hunting and fishing licenses. Furthermore, the bulk of Petitioner's financial dealings are in Utah. Lastly, Petitioner has repeatedly represented in official state documents made under penalty of perjury that he is a Utah resident in order to receive the benefits of Utah residency.

The Commission concluded that Petitioner has been domiciled in Utah from 1987.[1] Given the substantial evidence supporting the Commission's finding, and the "paucity of evidence which detracts from it," we conclude the Commission's domicile finding is supported by substantial evidence.[2]

## II. FAILURE TO DISMISS KATHLEEN CLEMENTS

Petitioner contends that because Kathleen Clements earned no income, but was the mere passive beneficiary of her husband's income, she should not have been a party in this matter. Petitioner relies on *Jensen v. State Tax Commission*, 835 P.2d 965 (Utah 1992), for this proposition. In *Jensen*, the Utah Supreme Court determined that the commission had committed reversible error in assessing tax liability on Mrs. Jensen who, like Mrs. Clements, earned no income. *Id.* at 971. However, the imposition of liability on a party and the mere naming of a party are two quite different things. Absent evidence of the former, it is difficult to understand how Mrs. Clements was prejudiced.[3]

## III. INTENT TO EVADE INCOME TAX

 In his final point of error, Petitioner contends that there is no evidence in the record and insufficient findings by the Commission to impose a fifty percent liability on Petitioner for intent to evade payment of income tax. There are two requirements for the imposition of a penalty for the intent to evade income tax. First, Petitioner must have the "intent to evade." Namely, Petitioner must have "a conscious desire to avoid a legal requirement with which the actor knows he or she is obligated to comply; it is not sufficient that the actor merely intends not to do that which the law, in fact, may require." *Silver v. State Tax Comm'n*, 820 P.2d 912, 915 (Utah 1991). Second, the Commission must make specific findings as to whether Petitioner possessed the requisite intent to evade. *Union Pac. R.R. v. State Tax Comm'n*, 842 P.2d 876, 886–87 (Utah 1992).

Putting aside the first requirement, it is evident from the Commission's decision that the Commission made no specific finding of intent to evade before imposing its penalty. In fact, the only discussion of this point in the decision below was a rather mechanical conclusion, asserting that "[i]t is also clear that the Petitioner held himself out to be a resident of the state of Wyoming with the intent to evade the income tax due to the state of Utah and therefore is subject to a penalty in the amount of $500 per period or 50% of the tax due." The Utah Supreme Court has specifically disapproved of such mechanical application of the intent requirement. *Id.* at 886. We therefore remand to the Commission for further findings supporting the imposition of the penalty, or its removal.

DAVIS and ORME, JJ., concur.

---

1. In its reply brief, the Commission concedes that Petitioner was not domiciled in Utah before September 1987. Therefore, we remand this case to the Commission, so that it may amend its audit deficiency accordingly.

2. Petitioner contends that since he was a domiciliary of Wyoming before 1987, the Commission must find that he abandoned his Wyoming domicile. We agree. We disagree, however, with Petitioner's contention that the Commission never did so. The Commission's opinion indicates that, after a long and careful consideration of Petitioner's contacts with Wyoming and Utah, the Commission deemed Petitioner to have forsaken any prior domicile for that of Utah.

3. Petitioner also claims that the Commission abused its discretion in cutting off the direct examination of Petitioner by his attorney and in refusing to admit evidence of his eligibility for benefits in Utah and Wyoming. We do not agree that the Commission abused its discretion in limiting Petitioner's presentation of his case.